A. W. HOOVER ET AL. v. D. C. THOMAS ET AL.

Decided April 20, 1904.

**1.—Election—Keeping Polls Open.**

The fact that the election officers closed the polls for about an hour at noon, while they went to dinner, no one being prevented from voting thereby, did not render illegal the votes cast at such voting place.

**2.—Local Option Law—Constitution.**

Though the local option law so far as it authorizes the combining of two or more justice precincts of a county into a subdivision thereof for holding an election for the prohibition of the sale of liquors under the local option law should be held unconstitutional (Ex parte Heyman, 45 Texas Crim. Rep., —), such ruling would not involve the constitutionality of an election under the law for the entire county.

**3.—Same—Payment of Poll Tax.**

Though parties who had not paid their city poll tax were permitted to vote at a county election under the local option law the election was not invalidated thereby in the absence of a showing that the exclusion of such votes would have altered the result.

**4.—Local Option Law—Constitutionality.**

The local option law as to elections for counties held not violative of the State or of the Federal Constitution.

Appeal from the District Court of Lampasas. Tried below before Hon. Clarence Martin.

*Walter Acker,* for appellants.

*W. H. Browning,* for appellees.

KEY, ASSOCIATE JUSTICE.—On May 30, 1903, an election was held in Lampasas County to determine whether or not the sale of intoxicating liquors should be prohibited within that county. Appellants, who are liquor dealers in that county, brought this suit against the members of the Commissioners Court to contest the election and restrain the court from declaring the result and entering an order declaring prohibition in force in that county.

The district judge granted an injunction in chambers, but at the hearing upon trial the injunction was dissolved and the case decided against the contestants. The trial judge filed the following conclusions of fact, which are approved and adopted by this court:

"Conclusions of Fact.—1. I find that the plaintiffs A. W. Hoover and E. J. Noyes, composing the firm of Hoover & Noyes, W. M. Patton, Geo. W. Skaggs, Mat Smith and J. A. Tillman, are now and were and have been for two years prior to May 30, 1903, lawfully engaged in the retail liquor business in Lampasas City, county of Lampasas, and have paid all taxes, State and county and city, for the privilege of pursuing said occupation, and that nearly or quite all of their means were invested in buildings, furniture and fixtures and stocks of wines and liquors, which were and are now owned by them.

"2. That on the 13th day of May, 1903, the defendants, acting as

the County Commissioners Court of Lampasas County, Texas, ordered an election to be held on the 30th day of May, 1903, throughout the county of Lampasas, to determine whether or not the sale of intoxicating liquors should be prohibited in said county.

"3. That in pursuance of said order, an election was held on the 30th day of May, 1903, at the several voting precincts in said county, and that the defendants, composing the Commissioners Court of said county, met on the 10th day of June, 1903, to canvass the returns and declare the result of said election, and that said returns of said election from all the said voting precincts showed on their face a majority of 26 votes for prohibition, but by reason of the injunction heretofore issued, said Commissioners Court did not declare the result of said election.

"4. That the election at the Lometa box in said county was opened at 8 a. m. and closed at 6 p. m., but that at 12 o'clock m. the officers of the election adjourned for dinner, and all except the presiding officer remained away about one hour, he, the presiding officer, being absent from the polling place about twenty minutes; that during the adjournment, the ballot boxes, tally sheets, etc., remained in the actual possession of two of the officers of the election, and were not in any manner changed or tampered with, but were returned to the polling place after said recess, in the same condition as at the time of adjournment, when said election was proceeded with. I find that no one by this adjournment, or from any fraud or intimidation, was deprived of the privilege of voting. I further find that the officers of said election at Lometa did not take advantage of their positions to influence and intimidate voters, and that the presiding officers did not open and examine ballots to open and expose same.

"5. I find that there was no interference with the election at Lometa, Rock Church or Adamsville by the ladies and children.

"6. I find that the ladies and children at the Lampasas box used persuasion only and did not intimidate or prevent any voter from voting the anti-prohibition ticket.

"7. I further find that no legal voter was deprived of the right to vote as he pleased at any box in the county.

"8. I find that Arch Hatley was a qualified voter at the Adamsville box, and was refused the privilege of voting, but that this was because he failed to produce his poll tax receipt, and refused to swear that he had paid said poll tax prior to February 1, 1903, as required by law.

"9. I find that the election throughout the entire county was fair and the will of the people fairly expressed, and that no fraud or intimidation was practiced or indulged in at any voting box in said county.

"10. I find, and it is admitted by the counsel for the purpose of this trial, that if the Lometa box had been counted prohibition would have carried in Lampasas County by a majority of 26 votes. I further

find that prohibition has carried by a majority of 26 votes, at the election held May 30, 1903.

"11. I further find that at Lampasas and all other voting boxes in the county where acts of intimidation were charged by reason of the conduct of ladies, children and others, that no such intimidation occurred, and that acts of persuasion occurred as freely upon the part of those laboring for the cause of anti-prohibition as those working for the cause of prohibition, and that nothing was done in an unlawful manner, nor was there any interference with the result of the election in any wise by reason of such acts on the part of either side."

*Opinion.*—1. Several of the trial court's conclusions of fact are challenged in this court, but an examination of the testimony leads us to the conclusion that all of the findings complained of are amply supported by testimony.

2. The fact that the polls were not kept open during the entire time prescribed by the statute does not authorize a holding that the election was void, it not being made to appear that any voter was thereby deprived of an opportunity to vote. The provision of the statute referred to is not mandatory in the sense that its nonobservance will vitiate and render nugatory an election. McCrary on Elections, sec. 130; Suth. on Stat. Con., sec. 452; Truehart v. Addicks, 2 Texas, 217; Fowler v. State, 68 Texas, 36.

3. If it be true, as held by the majority of the Court of Criminal Appeals in Ex parte Heyman, 45 Texas Crim. Rep., —, that the provision of the statute authorizing the commissioners court to combine two or more justice precincts, or other political subdivisions, for the purpose of a local option election, is unconstitutional, it does not follow that the election in this case was illegal. It was held for and in the entire county, and was authorized by the Constitution and other provisions of the statute in nowise dependent upon those provisions held unconstitutional in the case cited. Sweeney v. Webb, 33 Texas Civ. App., —.

4. If it be conceded that persons residing within the city of Lampasas were not entitled to vote unless they had paid their municipal poll tax, it does not follow that the election in this case was void for that reason. The only evidence on that subject consisted of an admission by appellees in their answer, to the effect that the election officers at Lampasas box permitted persons to vote who had not paid their city poll tax; but it was not shown how many of that class of persons voted, nor how they voted. In the absence of a showing that by excluding the votes referred to the result would have been different, we are of opinion that appellants have no grounds of complaint because of the ruling of the election officers referred to.

5. Appellants also assail the local option statute, charging that it violates provisions of both State and Federal Constitutions. The ob-

jections urged have been passed upon by this and other appellate courts and decided against appellants. Rippy v. State, 68 S. W. Rep., 687; Sweeney v. Webb, 33 Texas Civ. App., —; Black v. Pool, 3 Texas Law Journal, 428; Mercer v. Woods, 33 Texas Civ. App., —.

No reversible error has been pointed out and the judgment is affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction June 23, 1904.