## MILLER et al. v. TUCKER et al.

### No. 3429.

Court of Civil Appeals of Texas. Beaumont.

June 23, 1938.

A. A. Miller and E. A. Lindsey, both of Newton, for appellants.

T. Gilbert Adams, of Jasper, W. H. Hall, of Newton, J. R. Beck and John H. Benckenstein, both of Beaumont, Leon Moses, of Austin, and Synnott & Smith, of Jasper, for appellees.

COMBS, Justice.

This is an election contest filed in the District Court of Newton County, Texas, contesting a local option election held in Justice Precinct No. 1 of said county, on November 20, 1937. A temporary injunction granted in the case pending the contest was before us recently. Miller v. Tucker, 114 S.W.2d 307.

The results of the election as canvassed and declared by the Commissioners' Court of Newton County was in favor of prohibiting the sale of intoxicating liquor by a majority of 10 votes. Contestants' petition alleged a number of grounds of in-

validity but upon a trial of the contest the contestants relied on the following contentions: (a) That the presiding judge of the election was at the time mayor of the town of Newton, and for that reason was disqualified to serve as an election judge; (2) that 27 people whose names were set forth in the petition voted at said election who were not qualified to vote; (3) that the field notes of Justice Precinct No. 1, as set out in the order of the Commissioners' Court calling the election, did not close, rendering it uncertain as to what territory was intended to be included; and (4) that said Justice Precinct No. 1 had three voting places or voting precincts therein, viz: Newton, Jamestown and Rainbow voting precincts, and that the election was held at only one, Newton.

The proof offered by contestants with respect to illegal votes being cast showed only that 27 persons, whose names appeared on the poll list as having voted at said election, did not appear on the official list of poll tax payers for Justice Precinct No. 1 of Newton County. Other than that no proof was offered that the persons designated were not in fact qualified voters in said precinct. Incidentally, testimony offered by the contestees showed that a large number of the persons named were over 60 years of age and were not required to pay a poll tax, and also that some of the persons named had paid their poll taxes while living in another precinct but had subsequently moved into Justice Precinct No. 1. With respect to the insufficiency of the description of the boundaries of Precinct No. 1, as set forth in the election call, it was shown that there was a discrepancy in the designation of that part of the precinct along the Newton-Jasper county line. The contestants contended that the description as set forth might be construed so as to take in a part, about 80 acres, of Jasper County, and it was contended that the description was fatally defective and uncertain. The contestees introduced testimony to show that no person resided within the territory which the contestants contended was within Jasper County.

With respect to three voting precincts being within Justice Precinct No. 1, the contestants showed by the minutes of the Commissioners' Court of Newton County that three voting precincts had been designated within that area, viz: Newton, Jamestown and Rainbow voting precincts. The contestees offered the testimony of the county judge and two commissioners to the effect that in 1933, subsequent to the minutes introduced by the contestants, that the Commissioners' Court of Newton County duly passed an order abolishing Rainbow and Jamestown voting precincts. Proof was also offered that the order so passed had not been recorded in the minutes. The trial court however excluded the testimony on the objection of the contestants. There was no proof that any qualified voter in Justice Precinct No. 1 was denied the right to vote or failed to vote by reason of there being only one voting place.

The trial was to the court without a jury. The trial court entered judgment holding "that such irregularities existed bringing about said election and in holding the same, and also in the matter of the description of the precincts involved, as to render the true result of the election very doubtful of ascertainment." The election was declared null and void and the county judge of Newton County was directed to order another election to be held in said precinct. The contestees have appealed.

### Opinion.

We overrule appellants' contention that the contestants did not prove their qualification to maintain the contest. We think the evidence sufficiently established that at least three of the contestants were qualified voters in Justice Precinct No. 1 of Newton County.

We also overrule appellees' contention that appellants' assignments cannot be considered because no assignments and motion for new trial were filed in the trial court. The trial was to the court without a jury and it was not necessary to file the assignments in the trial court. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270.

It is our conclusion that the discrepancies in the field notes set forth in the call for the election did not invalidate the election. The legality of the formation of Justice Precinct No. 1 was of course not in issue in this election contest. Warren v. Robinson, Tex.Civ.App., 32 S.W.2d 871; Turner v. Allen, Tex.Civ.App., 254 S.W. 630. The obvious purpose in setting forth in the election call the boundaries of the territory involved is to avoid confusion and uncertainty as to what persons are entitled to vote at the election. Before such a defective description of boundaries can be held to invalidate an election

it must be shown that it affected the result of the election. The proof in the instant case not only failed to show that any voter was misled by reason of the alleged insufficiency of the description, but on the contrary established that no one could have been misled by it. The error in the description was therefore harmless. Goble v. State, Tex.Cr.App., 60 S.W. 966.

 The trial court should have admitted the oral testimony to the effect that the Commissioners' Court duly passed an order abolishing the Jamestown and Rainbow election precincts. It is not essential to the validity of an order of the Commissioners' Court that it be spread upon the minutes, and when an order duly passed has not been spread upon the minutes it may be established by parol. Mecom v. Ford, 113 Tex. 109, 252 S.W. 491; Brooks v. Frio County, Tex.Civ.App., 28 S.W.2d 1107. In this case, however, there was no showing whatever that any qualified voter in Justice Precinct No. 1 was kept from voting in the election by reason of the fact that only one voting place was maintained. So far as disclosed by the record, every qualified voter in the precinct had an opportunity to vote.

Appellees' contention that the election was rendered invalid because J. Roy Lawson, the presiding officer, was at the same time mayor of Newton is also without merit. There was no showing or contention that the presence of Mr. Lawson as presiding officer in any way improperly affected the result of the election. No objection was made to Mr. Lawson serving. The election was fairly and honestly held and, so far as shown by the record, the votes were correctly counted and returns accurately made. Article 2940, Vernon's Ann.Civ.St., is directory only and an election is not vitiated by the fact that the election judge acting under the color of authority did not possess the required qualifications in the absence of a showing of fraud or misconduct. Hill v. Smithville Independent School Dist., Tex.Civ. App., 239 S.W. 987; Gayle v. Alexander, Tex.Civ.App., 75 S.W.2d 706.

We also overrule appellees' contention that the various matters complained of rendered the result of the election uncertain. As we have said above, there was no proof whatever that a single illegal vote was cast at the election. The only attempt to show it was proof that certain persons named as voting at the election did not appear on the poll tax list as qualified voters. But even had contestants shown that the votes in question were illegally cast they would still have fallen far short of a showing that the results of the election would have been different had they not voted or that the result was rendered doubtful. No proof whatever was offered as to how any of said voters voted. Moreover, the proof showed the number of the ballot cast by each person in question yet the ballot box was not tendered, or any request made that illegal votes be removed and the legal votes counted. Obviously, if illegal votes were cast such votes could have been removed and the true result determined. But contestants made no attempt to have that done, and having failed in such showing the contestants failed to make out a case either changing the result or invalidating the election. Moon v. Alred, Tex.Civ.App., 277 S.W. 787; Hoover v. Thomas, 35 Tex. Civ.App. 535, 80 S.W. 859.

It follows, therefore, that the judgment of the trial court should be reversed and judgment here rendered for appellants, and it is so ordered.