POLLARD v. SNODGRASS, County Atty., et al.

No. 5806.

Court of Civil Appeals of Texas. Amarillo.
June 23, 1947.

Rehearing Denied July 14, 1947.

642

Simpson, Clayton & Fullingim and Cleo Clayton, Jr., all of Amarillo, for appellant.

Roy Snodgrass, County Attorney, of Amarillo, for appellees.

STOKES, Justice.

This action was instituted by the appellant, Lance L. Pollard, against the appellees, Roy Snodgrass, county attorney, and the county judge and county commissioners of Potter County, in the nature of a contest of a local option election held on December 7, 1946, in Justice Precinct No. 3 of Potter County. The record shows that 284 votes were cast in the election and that the returns showed a majority of 27 votes in favor of prohibiting the sale of alcoholic beverages in the precinct. The case was submitted to the court without the intervention of a jury and resulted in a judgment declaring the election to be valid and denying appellant any relief. He duly accepted, perfected an appeal and presents the case here· upon eight assignments or points of error which may be reduced to four controlling issues.

Appellant contends the court erred in rendering judgment against him because, first the preliminary procedural require-ments of the statute were not properly complied with; secondly, the voting box provided for casting the ballots in voting precinct No. 23 was located outside of Justice Precinct No. 3 and the election in that precinct was therefore not held within the precinct, as required by law; thirdly, a portion of Justice Precinct No. 3 is located within the corporate limits of the city of Amarillo and to enforce prohibition within that area would be an unlawful interference with the city and its authorities in conducting its affairs, particularly those pertaining to its legal right as a home-rule city to zone and rezone its territory with reference to the sale of intoxicating liquors, and, fourthly, the commissioner's court canvassed the returns of the election at a regular session instead of special session as required by law.

Article 666—34, Vernon's Ann. P.C., provides that the county clerk shall post at least one copy of the order of the commissioner's court calling the election in each election precinct in the subdivision of the county to be affected by the. election for at least six days prior to the election. The record shows that, on December 1, 1946, the county clerk of Potter County posted ten notices in various public places in the area to be affected by the election, several of them being posted in each voting precinct. The date of posting was, therefore, only five days prior to the election and appellant's first contention is that the election was void because this provision of the statute was not complied with. In support of his contention, appellant cites and relies upon the case of Coffee v. Lieb, Tex.Civ.App., 107 S.W.2d 406. In that case it was held that, in order to call into existence the authority of the election officers and confer upon them jurisdiction to hold an election and make returns thereof, the election notices must have been posted for at least six days before the day of the election. The notices there involved were posted less than three days prior to the election and the court held the election was void. Article 666—40a gives to the district court jurisdiction to determine whether or not, by the action on the part of the officers to whom control of an election is entrusted, such a number of legal

voters were denied the privilege of voting as, had they been allowed to vote, might have materially changed the result or resulted in making the election impossible of accurate determination, or very doubtful of ascertainment. The statute is but a legislative declaration of the principle announced, and in many cases adhered to, by the courts of this state over a long period of time which is that, in order to maintain the fundamental principles of a free democratic government, such as we have in this country, statutory and constitutional provisions concerning public functions which the law commits to the people, such as general and special elections, should be liberally construed so as to effectuate. the will of the people, unless discrepancies are shown which prevented the full and fair expression of the voters. Our courts have said a number of times that statutory enactments concerning elections must be strictly enforced to prevent fraud, but liberally construed in order to ascertain and effectuate the will of the voters. Turner v. Teller, Tex.Civ.App., 275 S.W. 115; Hill v. Smithville Independent School District, Tex.Com.App., 251 S.W. 209; Miller v. Tucker, Tex.Civ.App., 119 S.W.2d 92; Varela v. Perales, Tex.Civ.App., 184 S.W. 2d 637; Lightner v. McCord, Tex.Civ. App., 151 S.W.2d 362.

■ There is no suggestion in the record, nor any contention made by appellant, that any voter in Justice Precinct No. 3, the area affected by the election, was not informed that the election would be held at the time and places called for by the order of the commissioner's court, nor that any voter was deprived of his privilege to participate in the election because of the fact that the notices were not posted the full six days prior to the election.

It has been held in some of the cases above cited and many others that a substantial compliance with the procedural requirements concerning an election is sufficient unless it is shown that failure strictly to comply with the letter of the law materially interfered with the election and the right of the electors freely to participate therein. The election notices were posted some time during the day of December 1, 1946. If they had been posted prior to midnight November 30, the posting would have complied literally with the provision of the statute. Since, in that event no resident of the precinct would probably have seen them before sunup the next morning, the difference, in practical effect, between the time of actual posting and that provided by the statute could not have been more than a few hours. We think, in view of the fact that no voter was deprived of his privilege of suffrage by virtue of the short delay in posting the notices, the act of the clerk in posting them on December 1, 1946, was a substantial compliance with the statute, and appellant's assignments of error in respect to that matter will be overruled.

■■ Appellant next contends that the election was called by the county judge and not by the commissioner's court as required by law. It is well established by the decisions that an election must be called by the authority designated by law, otherwise the election is void. Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770, 771. The certified photostatic copy of the order calling the election shows the signature of the county judge. It does not contain the signature of either of the county commissioners. The certificate of the county clerk reveals that the copy of the order, together with his own descriptive notice of it, were the documents posted by him as notices of the election. The order states, however, that it was passed at a regular session of the commissioner's court on November 11, 1946. It shows a motion was duly made by one of the commissioners, and seconded by another, that the order be entered, and that the motion was adopted by the unanimous vote of the commissioners. It states that the court was of the opinion the local option election should be called and that "it is therefore ordered that on the 7th day of December, 1946, a local option election be held in Justice Precinct No. 3 of Potter County, Texas, to determine whether or not the sale of all alcoholic beverages shall be prohibited in said Justice Precinct No. 3 of said county". It then proceeds to designate the form of the ballot and the voting places in each of the three voting precincts in the area to be affected by the election.

Its closing words are "Ordered by said commissioner's court this, the 11th day of November, A. D. 1946"; and the certificate of the clerk shows it was duly recorded in the minutes of the commissioner's court. It was, therefore, the order of the commissioner's court and in our opinion the notices posted by the clerk fully met the requirements of the law. The mere fact that copies of the order posted by the clerk were signed by the county judge did not affect it one way or another. The law requires the clerk to post notices of the order of the commissioner's court, and it was not necessary that the county judge or any of the commissioners sign them. The election was called, not by the copies of the order posted as notices, but by the action of the commissioner's court in session on November 11, 1946.

Appellant next contends that the Sam Houston Junior High School, the voting place designated in the order calling the election and the place where the electors of voting precinct No. 23 cast their ballots, was located outside of Justice Precinct No. 3; that the votes cast in that precinct were, therefore, not legally cast; and the court erred in holding otherwise. According to the agreed statement of facts, prior to the 25th of June, 1936, the voting box in voting precinct No. 23 was located at Cotton's Garage, No. 1100 Broadmoor Street, in the city of Amarillo. On that day the commissioner's court of Potter County, by order duly entered, changed the voting place in that precinct to the Sam Houston Junior High School, near its northwest entrance, which placed it in the western portion of the school building. In every election, both general and special, that has been held since that date, a period of practically ten years, the voters in that voting precinct have cast their ballots at the polling place provided in the western portion of the Sam Houston School building. The western portion of the building is located within the voting precinct but is a few hundred feet east of the justice precinct in which the local option election here involved was held. The agreed statement of facts shows that the area included in voting precinct No. 23 that is outside of Justice Precinct No. 3 contains no residences or voters. The record further discloses that no elector voted in voting precinct No. 23 who was not a resident and duly qualified voter in Justice Precinct No. 3. Furthermore, it is not contended that any voter in the voting precinct was deprived of his right to vote or was denied free access to the polls by the fact that the polling place was located at the Sam Houston Junior High School. The record further shows that there was no other school building located within voting precinct No. 23, and it is not shown or even suggested that any other building or place within the voting precinct would have been more accessible or afforded to the electors a better or more convenient opportunity to cast their ballots. Section 33 of Article 666, V.R.P.C., provides that when the commissioner's court shall order an election, it shall be the duty of the court to order the same to be held in the voting places within such subdivision or county. The provision is directory in its terms and it implies that the legislature conceived the established voting places in the voting precincts to be the most desirable and suitable places to be utilized in local option elections. If the commissioner's court had designated some point within the justice precinct other than the regular voting place, it could hardly be said the election was void merely because the regular voting places were not designated. There was no other established voting place in voting precinct No. 23. The west portion of the Sam Houston Junior High School building had been the established voting place for the electors residing within voting precinct No. 23 for many years. The purpose of the legislature was, no doubt, to provide for the designation of voting places in the precincts that were familiar to the electors and thus make it as easy as possible for them to express their wishes and cast their ballots in prohibition elections. The record is conclusive that all this was accomplished and that no impediment to a full and fair expression of the will of the voters resulted from the fact that the voting box was located a few hundred feet outside of the territory to be affected by the election. This, as well as other procedural provisions of the

statute, should be liberally construed in order to effectuate the purpose of affording to the voters an opportunity to express their preferences. We think that purpose was accomplished and that the law was substantially complied with. A substantial compliance with it is sufficient in the absence of fraud or a condition which thwarted the will of the voters or prevented them from freely expressing their preferences. Ex parte White, 33 Tex.Cr. R. 594, 28 S.W. 542; Ralls v. Parish, Tex. Com.App., 151 S.W. 1089; State ex rel Quinn v. Lattimore, 120 N.C. 426, 26 S.E. 638, 58 Am.St.Rep. 797.

The next contention presented by appellant is that Justice Precinct No. 3 includes a portion of the territory embraced by, and located within, the corporate limits of the city of Amarillo; that Amarillo is a municipal corporation organized under the home-rule provision of the constitution and laws of the state; and the commissioner's court was without authority to include that portion of the city in the territory to be affected by the local option election. He asserts that the effect of such would be to interfere with the city authorities of Amarillo in performing their legal functions of creating zones for the proper regulation of the sale of alcoholic beverages within the city and it was, therefore, unauthorized. According to the record, only a relatively small portion of the territory embraced by the limits of the city of Amarillo is affected. We are, however, not in accord with appellant in this contention. Article 11, Section 5 of the constitution, Vernon's Ann.St., provides that no charter of a city or ordinance enacted under any such charter shall contain any provision inconsistent with the constitution or general laws of the state. Article 16, Section 20 of the constitution confers upon commissioner's courts power to provide elections in justice precincts upon the question of whether or not alcoholic beverages shall be sold therein, and Section 32 of Article 666, V.R.P.C., makes provision for calling, and conducting such elections. Neither the constitution nor the statute excludes portions of cities that might be located within justice precincts from the territory to be affected by the establishment of prohibition in such precincts. Under both the constitution and the statute the commissioner's court is empowered to call such elections in justice precincts regardless of the fact that a portion of a city or town might constitute the area to be affected. It is clear, we think, that any charter adopted or ordinance enacted by the city of Amarillo concerning zoning of its territory for the purpose of permitting or regulating the sale of intoxicating liquors therein would be inconsistent with the constitution and laws of the state in a territory where the sale of alcoholic beverages had been prohibited under the conditions prescribed by the constitution and statutes relating thereto. If appellant's contention were upheld, the effect would be to confer upon the governing bodies of cities power to nullify or make nugatory the constitutional and statutory provisions with reference to local option and the right given to the people thereunder to establish local prohibition of the sale of alcoholic beverages by public elections as provided by the constitution and laws of the state. We therefore overrule this contention.

The remaining contention of appellant is that the court erred in upholding the act of the commissioner's court in canvassing the returns of the election at a regular session because, under Section 37 of Article 666, V.R.P.C., the commissioner's court is authorized to canvass the returns only at a special session. According to the statute, the special session shall be called and the returns of the election canvassed on the fifth day after the election has been held, or as soon thereafter as practicable. The record shows the next regular session of the commissioner's court of Potter County fell on the fifth day after the election in Justice Precinct No. 3 was held, and the commissioner's court canvassed the election returns during the regular session on that day. The purpose of the legislature in providing that the special session should be held for the purpose of canvassing the returns was to avoid any delay that might result from postponing canvassing the returns until a regular session of the commissioner's court and to provide a method by which the results

of elections could be ascertained without unnecessary delay. The principle thing in mind was, no doubt, to have the returns canvassed by the commissioner's court and that the duty be performed promptly. This was accomplished quite as fully, completely and efficiently during the regular session as it could have been if a special session had been convened on the same day. If a special session had been called, it would necessarily have been in session at the same time as the regular session and conducted by the same commissioners. Calling it would therefore have been a vain and useless thing, which is never required by the law.

We have carefully considered all of the assignments of error, points and contentions presented by the appellant, and, in our opinion, none of them presents reversible error. The judgment of the court below will therefore be affirmed.