**LEGGETT et al. v. COCHRAN,**
County Attorney.

No. 4347.

Court of Civil Appeals of Texas.

Feb. 14, 1946.

Rehearing Denied March 6, 1946.

Collins, Dies, Williams & Garrison, of Lufkin, for appellants.

Bill Danial and Jeff Cochran, Co. Atty., both of Liberty, and Edgar P. Haney, of Dallas, for appellee.

MURRAY, Justice.

This is an appeal from the district court of Liberty County in a local option liquor election contest. The election was held in Justice Precinct No. 6 in Liberty County and resulted in a majority for prohibiting the sale of all alcoholic liquors in such precinct by a vote of 535 to 319. The appellants duly contested the election. The case was heard by the court without a jury, and judgment was rendered for the appellee, upholding the validity of the election.

Appellants maintain that the petition to the Commissioners' Court to order the election did not clearly state the issue to be voted upon, as is required by the statute, and that hence the petition was void, did not confer jurisdiction on the Commissioners' Court to order the election, and that all the succeeding steps in the election therefore were void. The basis of this attack upon the petition is found in the phrasing therein of the issue to be placed on the ballot at the election, which read:

For "Prohibiting the Sale of All Alcoholic Beverages."

Against "Against Prohibiting the Sale of All Alcoholic Beverages."

The appellants say that the petition used the word "against" twice and therefore made the phrase a double negative and "against against" assumes the meaning of "for"; that hence no issue was stated in the petition. We are unable to agree with these contentions of the appellants. Article 666 of the Vernon's Ann.Penal Code, Section 40, states the different issues to be submitted in local option elections. One such issue is "for prohibiting the sale of all alcoholic beverages" and "against prohibiting the sale of all alcoholic beverages." It is apparent that writing the word "against" twice in the petition was at most a clerical error. It is true that since Article 666 of the Penal Code is penal in its nature all the provisions thereof providing for local option elections must be substantially complied with throughout the steps preliminary to and in the holding of such an election. Appellants are correct in their first point, in which they cite and quote from many authorities, in their general proposition that unless the petition calling for such an election complies with the statute, then no jurisdiction to order the election is conferred on the Commissioners' Court and the election would be void. It is expressly provided in such statute, however, that the "entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose." Vernon's Ann.P.C. art. 666—2. We believe that to hold that the use of the extra word "against" in the petition in this local option election renders void the petition and the election which followed it would be an unreasonably harsh and unwarranted con-

struction of the law. We believe that the language of the petition substantially complies with the provisions of Section 40 of Article 666 of the Penal Code, and that the issue to be decided in the election petitioned for was clearly stated. The main body of the petition requested the Commissioners' Court "to order an election wherein the qualified voters of Justice Precinct #6, Liberty County, may by vote determine whether or not the sale of alcoholic beverages of the type or types specified in the proposed issue shall be prohibited or legalized within said area." The wording of the issues to be placed on a ballot in the proposed election, in compliance with Section 40 of said Article 666 of the Penal Code, signified two choices by the petitioners, viz., (1) the sale of alcoholic beverages was to be *prohibited* or not, instead of *legalized* or not; (2) such prohibition was to relate to all alcoholic beverages, instead of to alcoholic beverages that contain alcohol in excess of 4% by weight or to alcoholic beverages that contain alcohol in excess of 14% by volume. In other words, the law requires that such a petition clearly state (1) whether the proposed election is to determine that the sale of alcoholic liquor is to be prohibited in a wet area or legalized in a dry area and (2) whether such election is to be a "beer election," a "beer and wine election," or a "bone dry election." We think the language of this petition as a whole clearly stated the choice of the petitioners in both respects, and that they requested that an election be ordered on the issue whether the sale of all alcoholic beverages should be prohibited. This was a clear statement of the issue to be voted upon.

Appellants attack the order of the Commissioners' Court ordering the election. From the record the minutes of the Commissioners' Court ordering the election read as follows:

"Regular Meeting

"The regular meeting of the Commissioners' Court was held on Monday, September 10, 1945, with the following members present:

"R. E. Pitts,

"Elza Burch,

"J. W. Williamson,

"Violette Sinitiere, Deputy County Clerk

"E. P. Pressley was absent

"C. P. Jackson, was absent.

"The following business was transacted, to-wit:

Special Meeting August 16, 1945

Approved

Motion by Burch seconded by Williamson that the Minutes of the special budget meeting held August 16, 1945, be approved as read, all voting 'aye'.

Minutes of Special Meeting Held Sept. 1, 1945 Approved

Motion by Burch seconded by Williamson that the Minutes of the special meeting held September 1, 1945, be approved as read, all present voting 'aye'.

Local Option Election to be Held in Justice Precinct #6, October 6, 1945

A motion was made by Williamson seconded by Burch, all present voting 'aye' that a local option election be held in Justice Precinct #6, on October 6, 1945, and the following order was passed:

Order of Commissioners' Court of Liberty County, Texas, ordering a prohibition election to be held on October 6th, 1945, in Justice Precinct No. 6 of Liberty County, Texas.

"Whereas on the 7th day of Sept. A. D. 1945, the said L. V. Hightower, Clerk of Liberty County, Texas, and ex-officio Clerk of the Commissioners Court of Liberty County, having filed with this Court his certificate, together with said petition and finding same in due form and checking the qualifications of the petitioner's signed thereto, which certificate shows that the same contains the signature of at least ten (10%) per cent of the qualified voters of Justice Precinct No. 6, of Liberty County, Texas, taking the vote of said Justice Precinct No. 6 of Liberty County for governor in the general election at which presidential electors were elected next preceding this petition in November, 1944 as a basis for determining whether or not said Local Option election shall be held as requested by such petitioner; and

"Whereas, this Commissioner's Court finds that such petition is in due form and duly executed and signed by at least ten (10%) per cent of the qualified voters of Justice Precinct No. 6 of Liberty County, taking the vote in said precinct for governor in the general elections next preceding this petition, in November, 1944, as is required by the laws governing Local Option Elections of this stated.

"It is therefore ordered, adjudged and decreed by the Commissioners Court of

Liberty County, Texas, that a Local Option Election be held in Justice Precinct No. 6 of Liberty County, Texas, on Saturday the 6th day of October, A. D. 1945, at which election the following questions shall be submitted upon a prepared ballot to the qualified voters in each voting precinct of Justice Precinct No. 6 of Liberty County, Texas, to-wit:—

" 'For Prohibiting the Sale of All Alcoholic Beverages'

" 'Against Prohibiting the Sale of All Alcoholic Beverages'

"It is therefore ordered, adjudged and decreed that the officers heretofore appointed by this Court to hold a general election in Justice Precinct No. 6 of Liberty County, Texas, and they are hereby appointed to hold said Local Option Election. That the official ballot shall be in accordance with Article 666, Section 35, Vernon's Ann.Penal Code of the State of Texas, and shall conform with the general election laws as provided in Section 36 of said Article and Statutes; that at said election the vote shall have printed or written at the top thereof in plain letters the words 'official ballot', said ballot shall also have written or printed thereon the words, 'For Prohibiting the Sale of All Alcoholic Beverages', 'Against Prohibiting the Sale of All Alcoholic Beverages': and the clerk of this Court shall furnish the presiding officer of each voting box within said Justice Precinct No. 6 of Liberty County, Texas, with a number of such ballots as required by law, and the presiding officer of each voting box shall write his name on the back of each ballot before delivering same to each voter, and each person offering to vote in any such box, at the time he offers to vote, is to be furnished by such presiding officer with one such ballot; and those in favor of prohibiting the sale of all alcoholic beverages shall erase the words 'Against Prohibiting the Sale of All Alcoholic Beverages', and those who oppose it shall erase the words 'For Prohibiting the Sale of All Alcoholic Beverages', by making a pencil mark through same. No ballot shall be received or counted by the officers of such election that is not an official ballot, and that has not the name of the presiding officer written thereon in the handwriting of such presiding officer as provided by law.

"It is further ordered, adjudged and decreed that the Clerk of this Court shall post or cause to be posted at least one copy of this order in each election precinct in Justice Precinct No. 6 of Liberty County, Texas, for at least six days prior to the date of the election hereby ordered, and that said election shall be held and the return thereof made in conformity with the general laws of this State, and by the election officials appointed and qualified under such law.

"Done in open court, this the 10th day of Sept. A. D. 1945.

"R. E. Pitts, County Judge Presiding
"Elza Burch, Com. Precinct No. 1
"J. W. Williamson, Com. Precinct No. 2
"................ Com. Precinct No. 3
"................ Com. Precinct No. 4'"

Appellants say that the above order is defective and void because the word "vote" is used instead of the word "ballot" in one place in the order; that in that portion which provides for the manner of voting the order reads "those in favor of prohibiting the sale of, etc., shall erase the words 'Against prohibiting the sale of all alcoholic beverages' and those who oppose it shall erase the words 'For prohibiting the sale of all alcoholic beverages' by making a pencil mark through same"; that the use of the word "it" is ambiguous and is not clear as to what is meant by the word "it"; that the phrase "by making a pencil mark through same" is an instruction to those who oppose prohibiting the sale of all alcoholic beverages but that no instruction is given to those who might favor prohibiting the sale of all alcoholic beverages; that the word "erase" according to the dictionary meant to "scrape, scratch, shave, rub out, efface, expunge, or cross out." We overrule these contentions of appellants in regard to the order of the Commissioners' Court. From a reading of the order itself we believe such order substantially complies with the statute. We do not believe that the phrases and wording of the order which are assailed by the appellants could possibly be given the meaning ascribed to them in appellants' brief. The word "vote" is used in one instance where the word "ballot" would have been more precise but it is immediately referred to in the following line as "said ballot" and the word "ballot" is used in its appropriate place in all other portions of the order. The words of direction composing the phrase "by making a pencil mark through same," are placed at the end of the sentence and it does not do violence to any rule of syntax to allow such a modifying phrase to apply to both preceding portions of a compound sentence. We are unable to see how any prospective voter in reading such instructions in the order

could fail to understand such instructions as meaning that any voter in striking his ballot would erase either proposition which he opposed by drawing a pencil mark through it.

█ Appellants also attack the notice of the election which read as follows:

"Notice of Election

"The State of Texas
"County of Liberty
"In the Commissioners Court of Liberty County, Texas

Notice of Liberty County convened in
Election The Commissioners Court of regular session on this the 10th day of Sept. A. D. 1945, in the regular meeting place of the Court to-wit: In the Commissioners Court Room in Liberty County, Texas, with the following members of said Court present, to-wit:'

> R. E. Pitts, County Judge Presiding
> Elza Burch, Commissioner Prec. No. 1
> J. W. Williamson, Commissioner Prec. No. 2
> .......... Commissioner Prec. #3
> .......... Commissioner Prec. #4

constituting a quorum of the Commissioners Court and among other proceedings had, was the following: Commissioner Williamson introduced a proposed order and made a motion that it be passed.

"The Motion was seconded by Commissioner Burch. The motion, carrying with it the passage of the order, prevailed by the following vote:

"Ayes: Commissioners Williamson, Burch and Judge Pitts

"Noes: None

"The order is as follows:

"Order of the Commissioners Court of Liberty County, Texas, Calling a Special Local Option Election under the provisions of Section 32, Article 666, of the Penal Code of the State of Texas, to be Held in Justice Precinct No. 6 of Liberty County, Texas, on October 6th, 1945, to Determine Whether or not the Sale of All Alcoholic Beverages shall be prohibited in Justice Precinct No. 6 in Liberty County, Texas.

"The State of Texas
"County of Liberty
"In the Commissioners Court of Liberty County, Texas

"Whereas, on the first day of June, 1945, a petition for Local Option Election was issued by the County Clerk of Liberty County, Texas, upon the application of E. W. Love, Dr. E. B. Clements, Levy Tanner, and Louis Tanner, addressed to the Honorable Commissioners Court of Liberty County, Texas, substantially as follows:

" 'Under the provisions of Section 32, Article 666, Penal Code of Texas, your are respectfully petitioned to order an election wherein the qualified voters of Justice Precinct No. 6 of Liberty County, Texas, may by vote determine whether or not the sale of alcoholic beverages of the types or types specified in the proposed issue shall be prohibited or legalized within said area; said election to be by ballot upon which shall appear the issue or issues appropriate to such area and the purpose of the election as provided in Section 40 of said Article.

" 'It is respectfully represented to the Court that each signer hereof is a qualified voter of said area and that each signature hereto is the actual signature of the purported signer.'

"Said petition being signed by E. W. Love, of Cleveland, Liberty County, Texas, voting Precinct No. 7, Liberty County, Texas, Dr. E. B. Clements, Cleveland, Liberty County, Texas, voting Precinct No. 7 of Liberty County, Texas, Levy Tanner, of Cleveland, Liberty County, Texas, voting Precinct No. 7, Liberty County, Texas, and Louis Tanner, of Cleveland Liberty County, Texas, voting Precinct No. 7, Liberty County, Texas, residing in the said Justice Precinct No. 6 of said County, and filed with said County Clerk on Sept. 7, 1945, and

"Whereas on the 7th day of Sept. A. D. 1945, the said L. V. Hightower, Clerk of Liberty County, Texas, and ex officio Clerk of the Commissioners Court of Liberty County, having filed with this Court his certificate, together with said petition showing that he had duly checked all names signed to said petition, and finding same in due form and checking the qualifications of the petitioner's signed thereto, which certificate shows that the same contains the signature of at least ten (10%) of the qualified voters of Justice Precinct No. 6, of Liberty County, Texas, taking the vote of said Justice Precinct No. 6 of Liberty County for gov-

ernor in the general election at which Presidential electors were elected next preceding this petition in November, 1944, as a basis for determining whether or not said Local Option Election shall be held as requested by such petitioners and

"Whereas, this Commissioners Court finds that such petition is in due form and duly executed and signed by at least ten (10%) per cent of the qualified voters of Justice Precinct No. 6 of Liberty County, taking the vote in said Precinct for Governor in the General elections next preceding this petition, in November, 1944, as is required by the laws governing Local Option Elections of this State.

"It is therefore ordered, adjudged and decreed by the Commissioners Court of Liberty County, Texas, that a local option election be held in Justice Precinct No. 6 of Liberty County, Texas, on Saturday the 6th day of October, A. D. 1945, at which election the following questions shall be submitted upon a prepared ballot to the qualified voters in each voting precinct of Justice Precinct No. 6 of Liberty County, Texas, to-wit:

" 'For Prohibiting the Sale of All Alcoholic Beverages'

" 'Against Prohibiting the Sale of All Alcoholic Beverages'

"It is therefore ordered, adjudged, and decreed that the officers heretofore appointed by this Court to hold a general election in Justice Precinct No. 6 of Liberty County, Texas, and they are hereby appointed to hold said Local Option Election. That the official ballot shall be in accordance with Article 666, Section 35, Penal Code of the State of Texas, and shall conform with the general election laws as provided in Section 36 of said Article and Statute; that at said election the ballot shall have printed or written at the top thereof in plain letters the words "Official Ballot" said ballot shall have also written or printed thereon the words 'For prohibiting the Sale of All Alcoholic Beverages', 'Against Prohibiting the Sale of All Alcoholic Beverages' and the clerk of this Court shall furnish the presiding officer of each voting box within said Justice Precinct No. 6 of Liberty County, Texas, with a number of such ballots as required by law, and the presiding officer of each voting box shall write his name on the back of each ballot before delivering same to each voter and each person offering to vote in any such box, at the time he offers to vote, is to be furnished by such presiding officer with one such ballot; and those in favor of prohibiting the sale of all alcoholic beverages shall erase the words 'Against Prohibiting the Sale of All Alcoholic Beverages', and those who oppose it shall erase the words, 'For Prohibiting the Sale of All Alcoholic Beverages', by making a pencil mark through same. No ballot shall be received or counted by the officers of such election that is not an official ballot, and that has not the name of the presiding officer written thereon in the handwriting of such presiding officer as provided by law.

"It is further ordered, adjudged and decreed that the clerk of this Court shall post or cause to be posted at least one copy of this order in each election precinct in Justice Precinct No. 6 of Liberty County, Texas, for at least six days prior to the date of the election hereby ordered, and that said election shall be held and the return thereof made in conformity with the general laws of this State, and by the election officials appointed and qualified under such law.

"Done in Open Court, this the 10th day of Sept. A. D. 1945.

"R. E. Pitts, County Judge Presiding
"Elza Burch, Com. Precinct No. 1
"J. W. Williamson, Com. Precinct No. 2
"................ Com. Precinct No. 3
"................ Com. Precinct No. 4."

The appellants say that since the statute, Section 34 of Article 666, Penal Code, provides that the clerk of the court shall post or cause to be posted in each election precinct a copy of the order calling such an election, the purported notice as quoted above does not comply with such statute. It is true that the notice itself is not a verbatim copy of the order of the court but such notice contains a complete statement of the facts relative to the forthcoming election and also a copy of the order as passed by the Commissioners' Court. Under the authority of Powell v. Bond, Tex. Civ.App., 150 S.W.2d 337, we hold that such order is substantially quoted in the notice and that a substantial copy of the order was therefore posted in the notice. We think the case of Coffee v. Lieb, Tex.Civ.App., 107 S.W.2d 406, is not in support of appellants' position on this point.

■ The appellants by their 7th point contend that the election was void because the ballot furnished and used at the said election did not conform to but was contrary to the provisions of the state. From

the record, the ballot so used was as follows:

"Official Ballot

For prohibiting the sale of all alcoholic beverages.

Against prohibiting the sale of all alcoholic beverages."

The contention of the appellants is that the words "For prohibiting the sale of all alcoholic beverages" should have been printed on one line and the words, "Against prohibiting the sale of all alcoholic beverages" should have been printed on another line. They rely on Cain v. Garvey, Tex.Civ.App., 187 S.W. 1111, which held that under the old statute, Art. 5719, Vernon's Sayles Civil Statutes 1914, the form of the ballot was prescribed by statute and use of any ballot in such an election other than the three line ballot rendered such an election void. Appellants say that the present statute is in part almost identical with the article quoted, and hence the same construction must be placed upon the new statute which the court placed upon Article 5719 in 1916. The present statute in regard to the official ballot in local option elections is Sec. 35 of Article 666, Penal Code, as amended by the Acts of 1943, 48th Legislature, Vernon's Ann.P.C. art. 666—35, which reads as follows:

"(a) At said election the vote shall be by official ballot which shall have printed or written thereon at the top thereof in plain letters the words 'Official Ballot'. Said ballot shall have also written or printed thereon the issue or issues appropriate to the election order as provided by Section 40 of this Act, and the clerk of the court shall furnish the presiding officer of each voting box within such subdivision or county with a number of such ballots, to be not less than twice the number of qualified voters at such voting boxes, and the presiding officer of each voting box shall write his name on the back of each ballot before delivering the same to the voter, and each person offering to vote at each election shall, at the time he offers to vote, be furnished by such presiding officer with one such ballot; and no voter shall be permitted to depart with such ballot and shall not be assisted in voting by any person except such presiding officer or by some officer assisting in the holding of such election, under the direction of such presiding officer when requested to do so by such voter.

"(b) In elections to legalize the sale of alcoholic beverages those in favor of such legalization shall erase the words 'Against legalizing the sale of, etc.' by making a pencil mark through same; and those who oppose such legalization shall erase the words 'For legalizing the sale of, etc.' by making a pencil mark through same.

"In elections to prohibit the sale of alcoholic beverages those who favor such prohibition shall erase the words 'Against prohibiting the sale of, etc.' by making a pencil mark through same; and those who oppose such prohibition shall erase the words 'For prohibiting the sale of, etc.' by making a pencil mark through same. No ballot shall be received or counted by the officers at such elections that is not an official ballot, and that has not the name of the presiding officer of such election written thereon in the handwriting of such presiding officer as provided by this Act."

It will be seen at once from the reading of the above statute in connection with Section 40 of said Article 666 that the statute contemplates an official ballot which may contain issues of so many words that it would be impracticable to attempt to print the for and against sections of the issue each on one line on the ballot. This situation differs materially from that obtaining at the time when the Cain v. Garvey case, supra, was decided, when the two alternatives of the issue were declared to be simply "For prohibition" and "Against prohibition." We believe the interpretation of the old statute made by the court in Cain v. Garvey [187 S.W. 1115] was a bit strained in holding that it would be "impossible to comply with the terms of the statute expressly providing that a line should be run through the words"; and further holding that "it would take two lines to run through the words." Both the old statute and the present statute used the words "by making a pencil mark through same," and neither statute uses the words "run a line." At any rate, we do not believe that the present statute provides for a three line ballot. There is nothing in the statute itself which even suggests such requirement and the more wordy issues set out in Section 40 of Article 666 of the Penal Code negative the idea that a three line ballot is mandatory. We overrule the contention of appellants and hold that the form of the ballot used at this election complied with the requirements of Article 666 of the Penal Code, Sections 35 and 40.

The judgment of the district court is affirmed.