BULLINGTON v. LEAR et al.
No. 4705.

Court of Civil Appeals of Texas.
El Paso.

March 8, 1950.

Murray J. Howze, Monahans, for appellant.

C. Bennett, County Attorney, Crane, for appellees.

PRICE, Chief Justice.

This is a contest by Mrs. Nora Bullington of a local option election held in Justice Precinct No. 2, Crane County, Texas. She sought also an injunction against the Sheriff of Crane County forbidding him from enforcing as, the law the result of said election. From a judgment denying the injunction and overruling the contest Mrs. Bullington has perfected this appeal. She will be hereinafter referred to as contestant.

There is no dispute as to the facts of the case. The material facts were stipulated between the parties.

On July 19, 1949 L. D. Simon, a legally qualified voter of Justice Precinct No. 2 of Crane County, Texas, filed an application in the manner and form prescribed by law for a local option election petition to be circulated among the legal voters of said Justice Precinct for the purpose of instituting a local option election to determine whether or not the sale of all alcoholic beverages should be prohibited in said precinct. This petition was issued and signed by 55 of the legally qualified voters in said Justice Precinct. It was in proper form and signed by a sufficient number of voters to make it the duty of the commissioners court to call such election. The petition was filed August 3, 1949 with the County Clerk and on August 8, 1949, the Commissioners of Crane County ordered an election to be held in election precinct No. 2 on the 3rd day of September, 1949, for the purpose of voting on the question of prohibiting the sale of all alcoholic beverages or against such prohibition. Notice was duly and legally posted. The election was duly held in election precinct No. 2,

and resulted in 44 votes being cast for such prohibition and 15 votes against. On September 12, 1949, the Commissioners Court canvassed the votes of such election, declared the result, and ordered that the sale of all alcoholic beverages be prohibited in election precinct No. 2 after thirty days from that date.

The appellant (contestant) asserts the election was void on the ground that under Sec. 32 of art. 666, Vernon's Annotated Penal Code, which provides for a local election, only an election as applied to a County, Justice Precinct thereof, or an incorporated town or city could be lawfully called thereunder.

The petition was for an election in and for Justice Precinct No. 2. The order for the election and the declaration of the result was as to election precinct No. 2. Justice Precinct No. 2 and election precinct No. 2 at all relevant times herein had identical boundaries; an election held in election precinct No. 2 was likewise held in Justice Precinct No. 2. The order of the Commissioners Court prohibiting the sale of intoxicating liquors in election precinct No. 2 prohibited it in Justice Precinct No. 2.

Section 32 of art. 666, V.A.P.C. was enacted in pursuance of an amendment of 1935 of art. 16, § 20 of the Constitution, Vernon's Ann.St. Section (b) of said Article is as follows: "(b) The Legislature shall enact a law or laws whereby the qualified voters of any county, justice's precinct or incorporated town or city, may, by a majority vote of those voting, determine from time to time whether the sale of intoxicating liquors for beverage purposes shall be prohibited or legalized within the prescribed limits; and such laws shall contain provisions for voting on the sale of intoxicating liquors of various types and various alcoholic content."

Said Section 32 of Article 666 of the Penal Code follows the Constitution as to political subdivisions of the state to which it is applicable. An election precinct is not named as such subdivision. There can be little doubt that under Sec. 32, art. 666 an election petition seeking an election to pro-

hibit or permit the sale of intoxicating liquors in an election precinct would be of no effect, that is as applied to an election precinct as such. An election order in pursuance of such a petition would likewise be of no legal effect.

▪ ▪ In this case for the Commissioners Court to have failed to order the election in pursuance of the petition would have been a violation of the Constitution. It did order the election in the exact area as to which it was their duty to so order same. We think describing election precinct No. 2 was describing Justice Precinct No. 2. This is likewise true as to the official declaration of the result by the court. There is no contention that any of the voters were disqualified. To be qualified it was necessary that they be legal voters in Justice Precinct No. 2. In the case of Houchins v. Plainos, 130 Tex. 413, 110 S.W.2d 549, a clear, succinct and comprehensive review of the Constitution and statutory provisions relating to local option is given. The voters of Justice Precinct No. 2 were given an opportunity guaranteed by law passed by virtue of the mandate of the Constitution to legislate upon the question as to whether or not the sale of intoxicating liquors should be prohibited or permitted. In an election fairly held they did pass upon this question and decided against the sale of intoxicating liquors. Unless the procedure was so irregular that the rights and privileges conferred by the Constitution and statutes were not invoked the result of the election should be upheld.

In the case of Pollard v. Snodgrass, County Attorney, Tex.Civ.App., 203 S.W. 2d 641, 644, the election was held in an election precinct outside of the justice precinct as to which the election was called. It was held that this was a mere irregularity and did not invalidate the election. In the court's opinion it was said: "Our courts have said a number of times that statutory enactments concerning elections must be strictly enforced to prevent fraud, but liberally construed in order to ascertain and effectuate the will of the voters. Turner v. Teller, Tex.Civ.App., 275 S.W. 115; Hill v. Smithville Independent School District, Tex.Com.App., 251 S.W. 209; Miller v. Tucker, Tex.Civ.App., 119 S.W.2d 92; Varela v. Perales, Tex.Civ.App., 184 S.W.2d 637; Lightner v. McCord, Tex.Civ.App., 151 S.W.2d 362."

▪ At the time the Commissioners Court, on to wit, August 8, 1949, made an order making a slight change in the boundaries of election precinct No. 2 and Justice Precinct No. 2, this change did not affect the eligibility of more than one voter; the change still left the boundaries of the justice and election precinct identical. It will be noted that the petition signed by the voters was filed with the County Clerk on August 3, 1949. The filing of this petition with the proper number of qualified electors gave the right to this election in such precinct. It has been held that it is beyond the power of the Commissioners Court to so change the boundary of a Justice Precinct as to repeal a law passed by a local option election in favor of or against prohibition. Houchins v. Plainos, 130 Tex. 413, 110 S.W.2d 549; Jackson v. State, 135 Tex.Cr.R. 140, 118 S.W.2d 313.

This election was a clear, valid declaration of the will of the voters as to which under the Constitution and statutes they had a right to authoritatively express their will. By virtue of this election Justice Precinct No. 2 of Crane County as it existed on August 3, 1949, the date the petition was filed with the County Clerk and on August 8, 1949, the date the Commissioners Court ordered the election, became dry.

The judgment of the trial court is in all things correct and same is hereby affirmed.