Clara E. SMITH et al., Appellants,

v.

Paul COUNTS, County Judge, et al., Appellees.

No. 5109.

Court of Civil Appeals of Texas.

El Paso.

July 20, 1955.

Rehearing Denied Sept. 21, 1955.

Hart Johnson, Ft. Stockton, for appellants.

Shelby D. Blaydes, Ft. Stockton, Lucius D. Bunton, Marfa, for appellees.

HAMILTON, Chief Justice.

This is an election contest, filed by appellants against the County Judge, the Commissioners, the County Attorney and Coun-

ty Clerk officials of Pecos County to declare void a local option election held in Justice Precinct No. 3 of Pecos County on November 6, 1954. The trial court held that it had jurisdiction of the suit, and further that the election was valid.

The points raised by appellants in their brief are: 1—That the trial court erred in holding the election valid, because the petition filed with the Commissioners Court requested the submission of illegal issues, and the Commissioners Court could not call and cause to be held a legal election upon the proper statutory issues for the reason that the petition was void on its face, and no legal election could be ordered or held upon it; and 2—The court erred in concluding as a matter of law that the election was regularly held and that it was valid, when he had found as a fact in his findings of fact that the petition submitted to the Commissioners Court requested the following issues to be submitted to the voters:

"For prohibiting the sale of all alcoholic beverages."

"Against prohibiting the sale of all alcoholic beverages."

for the reason that said issues were not authorized by the statute and the petition was therefore void.

The questions presented are of first impression in this state. However, the attorney general has rendered two opinions in which he sustains appellants' position. His first opinion was dated August 16, 1954, and was addressed to Hon. R. A. Barton, County Attorney of Calhoun County. In the petition upon which this opinion is based, the issues requested to be submitted read:

"For prohibiting the sale of all alcoholic beverages"

and

"Against prohibiting the sale of all alcoholic beverages."

The Attorney General had this to say:

"Prior to the amendment of the Texas Liquor Control Act by the fifty-third Legislature, the Petition would have been sufficient on either of two grounds: (1) the law prior to 1953 specified the very language used in this Petition; (2) and prior to the 1953 amendments, Sec. 32 of Art. 666, Penal Code, specifically permitted the Commissioners' Court to order such an election on its own motion. The latitude thus allowed under such prior law is well illustrated in the case of Hutson v. Smith, Tex.Civ.App.Gal.1945, 191 S.W.2d 779.

"However, you will note in the 1953 amendment to the Texas Liquor Control Act, Sec. 32 of Art. 666, was so amended as to eliminate the right of the Commissioners' Court to order such an election on its own motion and now specifically requires that the election be ordered upon proper petition and further that the local option election be held upon the issue set out in such petition. The same 1953 amendment changed Sec. 40 of Art. 666 of the Penal Code in specifying the particular language in which the issues shall be stated under particular situations and completely eliminated the use of the wording set out in the petition involved in this inquiry. This section specifies the exact wording the Commissioners' Court shall use in submitting the issue to the voters and again repeats the necessity of the Commissioners' Court acting only after the petition has been filed. Assuming that the sale of all alcoholic beverages has heretofore been legal in the above Precinct, the proper wording of the issue would be:

'For the legal sale of all alcoholic beverages'

and

'Against the legal sale of all alcoholic beverages.'

"You will note that such Sec. 40 as amended provides a variety of issue wording to suit various pre-existing situations in the area involved.

"In accordance with the above, it is the opinion of this office that the answer to your first question is that the election should not be called upon this petition in that same was not a proper petition under the amended act, and would not be a basis for a legal election. * * *".

The second opinion of the Attorney General is dated October 11, 1954, and is addressed to Hon. Coke R. Stevenson, Jr., Administrator of Texas Liquor Control Board. The petition in that case requested the submission of issues worded:

"For prohibiting the sale of all alcoholic beverages"

and

"Against prohibiting the sale of all alcoholic beverages."

The Attorney General gave as his opinion that such a petition could not be the basis for calling any local option election, since Sections 32 and 40 of Art. 666 of the Penal Code were amended in 1953. He pointed out that the amendment to Sections 32 and 40 eliminated the wording which had given a Commissioners Court power to order a local option election upon its own motion, allowing the ordering and holding of such an election to proceed only upon a petition meeting the requirements of Section 32, and further that Section 32 required

"The petition so issued shall clearly state the issue to be voted upon in such election".

and also that

"The Commissioners Court at its next regular session shall order a local option election to be held upon the issue set out in such petition."

He concluded:

"Such specific statutory wording must be used in the petition, in the election order and on the ballots, in order to have a valid election."

█ We agree with the Attorney General's construction of the amendatory stat-

ute. Although the result leads to invalidation of a local option election for reasons which in our view are highly technical, yet we think it clear that the Attorney General has correctly arrived at the legislative intent.

It is therefore ordered that the judgment of the trial court be and it is hereby reversed, and judgment here rendered to the effect that said election of November 6, 1954 is null and void, and that Justice Precinct No. 3 of Pecos County, Texas, is a precinct in which the sale of all alcoholic beverages is legal, as prayed for by appellant.

## On Appellees' Motion for Rehearing.

We have given careful attention to appellees' motion for rehearing, and are of the opinion that said motion should be overruled.

In our original opinion we overruled without discussion appellees' cross-assignment of error complaining of the trial court's overruling their plea to the jurisdiction of the court. However, on the insistence of appellees we will give our reasons for such ruling.

█ The election in question was held on November 6, 1954, Commissioners Court met on the 8th day of November following said election and canvassed the votes and declared the results thereof. Within thirty days after such declaration appellants filed a contest of said election. On the 4th day of December the trial court ruled that the canvass of said election and the declaration of the results thereof was premature, and ordered the Commissioners Court to recanvass said votes. This was done on December 7th, and the results of the election were declared. No other pleadings were filed in the case before the 8th day of January, 1955, which was more than thirty days after December 7th. On January 18th the trial court in its final judgment held that the court had jurisdiction to try the contest, and held that the election was valid. Appellees maintain that the contest filed by appellants within thirty days after the first canvass of the votes and the declaration

thereof on November 8th did not give the trial court jurisdiction to determine the validity of the election, because such canvass of the votes and declaration of the results thereof was premature. We cannot agree with appellees' conclusion in this matter. A reading of Art. 666–40a, Vernon's Texas Penal Code, clearly reveals why we must hold that the court did have jurisdiction. The pertinent parts of said Article are as follows:

"At any time within thirty (30) days after the result of any local option election held pursuant to the provisions of the Texas Liquor Control Act has been declared, any qualified voter * * * may contest the said election in the District Court of the county in which such election has been held, * * * and the proceedings in such contest shall be conducted in the same manner, as now govern the contest of any general election, and said court shall have jurisdiction to try and determine all matters connected with said election, including the petition of such election and all proceedings and orders relating thereto, embracing final count and declaration and publication of the result putting local option into effect, and it shall have authority to determine questions relating to the legality and validity of said election, * * * and provided further, that if no contest of said election is filed and prosecuted in the manner and within the time provided above, it shall be conclusively presumed that said election as held and the result thereof declared, are in all respects valid and binding upon all courts; * * *."

It can clearly be seen from such reading that the filing of a contest must be within thirty days after the declaration of the results of the election, and not thirty days after the results should have been declared. It can also be seen from this Article that if no contest was filed within thirty days after the premature declaration of the result, that thereafter no attack could be made on the election because of the provision that in the absence of the timely filing of such contest it shall be conclusively presumed that the election as held and the results thereof declared are in all respects valid and binding upon all courts.

We overrule appellees' motion for rehearing.