**Ralph BRITTEN and Ed Weller, Appellants,**

v.

**Clarence C. WILLIAMS et al., Appellees.**

No. 6648.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 17, 1956.

Rehearing Denied Oct. 8, 1956.

Adkins, Folley, McConnell & Hankins, Amarillo, for appellants.

Frank Dove, Panhandle, Sanders, Scott, Saunders & Smith, Amarillo, for appellees.

PITTS, Chief Justice.

This is an appeal from a local option election contest filed by appellants, Ralph Britten and Ed Weller, against appellees, the named members of the Carson County, Texas, Commissioners Court, acting in their official capacities respectively. Appellants are seeking to have declared void a local option election held in Carson County, Texas, on May 5, 1956, wherein the said county, which was previously "wet," voted "dry" by a majority of 971 to 949 votes. Appellants have attacked only the form of the written application for the issuance of a local option petition signed by a requisite number of voters and filed with the county clerk of Carson County on February 29, 1956, seeking to comply with the provisions of Sec. 32 of Art. 666 of the Vernon's Annotated Penal Code of Texas as amended. The petitioners requested the county clerk to prepare such a petition for the purpose of initiating proceedings for an election upon the following issue as provided for in Sec. 40 of Art. 666 of the Penal Code, using the following language in stating the issue:

"For ———————————————

"Against *The legal sale of all alcoholic beverages.*"

On the 9th day of March, 1956, the said county clerk issued a petition to applicants in compliance with the provisions of Sec. 32 of Art. 666 of the Penal Code as amended, showing the issue to be voted upon as being:

"For *The Legal Sale of All Alcoholic Beverages*

"Against *The Legal Sale of All Alcoholic Beverages*"

as provided for in both Sections 32 and 40 of Art. 666, Penal Code as amended, and particularly as reflected by Subdivision (k), Sec. 40 of Art. 666. The said petition was circulated, a requisite number of signatures of legal voters procured thereon, and the same was duly presented to appellees herein. An election was duly ordered held upon the issue exactly as stated in the petition and as provided for in Sections 32 and 40 of Art. 666, using the exact language required by Subdivision (k) of Sec. 40 of Art. 666 of the Penal Code as amended. The said issue as provided for by law was voted upon by the qualified electors of Carson County, Texas, with the result previously herein stated and the said result was duly canvassed and declared by appellees as required by law. However, after the petition for election was circulated and before the election was ordered, the county clerk and all of the signing voters on the application in question made a statement sworn to separately by them, the voters stating under oath that they each by the terms of their application here involved intended and were seeking to have a petition prepared for the purpose of initiating proceedings for an election to determine the issue of "For the sale of all alcoholic beverages" and "Against the legal sale of all alcoholic beverages" and that such application was filed for the purpose of obtaining a petition showing the issue fully stated just as the same was fully stated in the petition prepared by the said county clerk and that they each signed the said application for the

purpose of procuring such a petition. The county clerk further stated under oath that no other such applications for such petitions were filed with her during the months of January, February or March of 1956, and that she prepared the petition for the applicants as shown by the record herein.

There is no controversy here about the facts in this case. The trial court heard all parties at the trial and found that the written application in question was sufficient to authorize the county clerk to issue the petition in question and concluded that the local option election was legally held and was therefore a valid election.

Appellants perfected an appeal from the judgment and present only one point of error challenging the form of the application, alleging that it did not fully recite the affirmative and the negative form of the issue and particularly because it did not fully recite therein the affirmative side of the issue. We find no complaint by appellants about the form or contents of the petition in question, the order of election, the ballot used, the results of the election, or the orders canvassing and declaring the results of the election. There has been no attempt made to show that the alleged irregularities in the form of the application for a petition interfered with an orderly procedure of holding the election and declaring the results or with the right of any voter to freely participate in the election. Nowhere does it appear that there was any confusion or misleading or misunderstanding about anything connected with any of the proceedings of the election or the result thereof because of applicants' alleged failure to show fully in the application the affirmative side of the issue sought to be presented and voted upon or because of any other alleged reason.

Section 32 of Art. 666, Penal Code as amended, authorizes a County Commissioners' Court to order a local option election such as the one here being considered upon a petition signed by a requisite number of qualified electors after the issuance of a proper petition by the county clerk of the county effected as a result of a written application made to the clerk by a requisite number of qualified electors seeking to initiate proceedings for such a local option election. The law does not prescribe any particular form to be used in the said application. The law does require the local option issue to be clearly stated in the petition and such law was fully complied with in the petition drawn by the county clerk in the case at bar. Such petition and further proceedings thereafter had are in no way attacked here by appellants. Such petition and further proceedings thereafter had followed the provisions of the law and particularly the provisions of Sections 32 and 40 of Art. 666, Penal Code.

Section 2 of Art. 666, Penal Code, provides that:

"This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose. Acts 1935, 44th Leg., 2nd C.S., p. 1795, ch. 467, Art. 1, § 2."

The provisions of the law governing the matters here presented have been construed by our Texas Courts. In the case of Bullington v. Lear, Tex.Civ.App., 230 S.W.2d 290, 292, the Court said in part:

"In an election fairly held they did pass upon this question and decided against the sale of intoxicating liquors. Unless the procedure was so irregular that the rights and privileges conferred by the Constitution and statutes were not invoked the result of the election should be upheld.

"In the case of Pollard v. Snodgrass, County Attorney, Tex.Civ.App., 203 S.W.2d 641, 644, the election was held in an election precinct outside of the justice precinct as to which the election was called. It was held that this

was a mere irregularity and did not invalidate the election. In the court's opinion it was said: 'Our courts have said a number of times that statutory enactments concerning elections must be strictly enforced to prevent fraud, but liberally construed in order to ascertain and effectuate the will of the voters. Turner v. Teller, Tex.Civ. App., 275 S.W. 115; Hill v. Smithville Independent School District, Tex. Com.App., 251 S.W. 209; Miller v. Tucker, Tex.Civ.App., 119 S.W.2d 92; Varela v. Perales, Tex.Civ.App., 184 S.W.2d 637; Lightner v. McCord, Tex.Civ.App., 151 S.W.2d 362.' "

In the case of Pollard v. Snodgrass, Tex. Civ.App., 203 S.W.2d 641, 644, cited and quoted from in the Bullington-Lear case, a local option election contest was decided by this Court. This Court there said in part:

"It has been held in some of the cases above cited and many others that a substantial compliance with the procedural requirements concerning an election is sufficient unless it is shown that failure strictly to comply with the letter of the law materially interfered with the election and the right of the electors freely to participate therein. * * * We think, in view of the fact that no voter was deprived of his privilege of suffrage by virtue of the short delay in posting the notices, the act of the clerk in posting them on December 1, 1946, was a substantial compliance with the statute, and appellant's assignments of error in respect to that matter will be overruled."

This Court also disposed of a local option election contest in the case of Flowers v. Shearer, Tex.Civ.App., 107 S.W.2d 1049, 1054. The Court there quoted verbatim Sec. 2, Art. 666, Penal Code, previously herein quoted, which section has not since been changed or modified in any way, and then the Court said:

"By the language of the act we are convinced that the Legislature intended to pass laws with reference to the liquor traffic which would be effective in its regulation, and gave the courts of this state the above admonition to construe the law liberally in favor of its validity. Mayhew v. Power, Judge (Tex.Civ.App.) 104 S.W.2d 642."

This Court reversed the judgment of the trial court and there held the local option election valid in spite of alleged irregularities.

The Court sustained the validity of a local option election in the case of Powell v. Bond, Tex.Civ.App., 150 S.W.2d 337, 341. After discussing at length the law governing such an election, the facts there presented and the contentions made by all parties, the Court then said:

" 'But when it is shown that the irregularities of the officers have in no manner changed the result of the election, or its fair and honest character, the acknowledged rule is to count the returns or the ballots, as the case may demand, in the same way as if the directory provisions of the statute had been rigidly pursued.' Fowler v. State, 68 Tex. 30, 3 S.W. 255, point page 257; Bass v. Lawrence, Tex.Civ.App., 300 S.W. 207, point page 210."

It was sought to overturn the results of a local option election in the case of Leggett v. Cochran, Tex.Civ.App., 193 S.W.2d 729, 730, because of an alleged irregularity, but the election was there held to be valid. In that case the petition (not an application for a petition), in stating the negative side of the issue, used the word "Against" twice, making it read "Against 'Against Prohibiting the Sale of All Alcoholic Beverages.' " (The statute then authorized the issue to be stated "Against prohibiting * * *" and "For prohibiting * * *") In that case it was contended by contestants that such form constituted a double

negative and was therefore an affirmative statement "For" and a repetition of the affirmative side of the issue without stating the negative side thereof, thus making the same fatal. Such a contention was overruled by both the trial court and the appellate court and the election was held to be valid in spite of an irregularity.

Appellants relied principally upon the case of Smith v. Counts, Tex.Civ.App., 282 S.W.2d 422, 423, wherein the petition misstated the issue and did not follow the amended provisions of the statute. The petition there stated the issue in the following language:

"'For prohibiting the sale of all alcoholic beverages' and 'Against prohibiting the sale of all alcoholic beverages'",

which form was not in any sense authorized by the amended statute. In our opinion the appellate court properly held such to be fatal but no such a condition exists in the case at bar.

Under the record presented and the authorities cited it is our opinion that the trial court reasonably construed the law to uphold the validity of the election in question. Appellants' point to the contrary is therefore overruled and the judgment of the trial court is affirmed.

On Motion for Rehearing.

Rehearing denied.

MARTIN, Justice (dissenting).

It is not the province of the courts to legislate by judicial ruling and thereby extend the provisions of a clear and unambiguous statute. And, in proceedings as to calling a local option election the duty of the County Clerk with relation thereto is wholly ministerial. He is not required to interpret an application that is not within the language of the statute and on such interpretation prepare a petition.

The legislature under Art. 666, Sec. 40, in great detail, set forth the various issues to be submitted in a local option election and by express language with reference to the submission of any one of such issues required: "* * * one of the following issues *shall* be submitted". (Italics added.) The legislature further dictated the issue to be stated in both the petition and the application therefor: "The petition so issued shall clearly state the issue to be voted upon in such election, which shall be the same issue as that set out in the application." Art. 666–32.

It is obvious from the record in the cause on appeal that the application containing the following language does not even set forth an issue:

"For ————————————
"Against   The legal sale of all alcoholic beverages."

The issue detailed and prescribed by the legislature for use in calling a local option election is clear and can be easily followed. The application above not only fails to set forth an issue but the same could not by any stretch of grammatical or legal construction be held to be the same issue as set forth in the petition. The application should have followed the statutory requirements as laid down by the legislature. Art. 666, Secs. 32 and 40(k); Smith v. Counts, Tex.Civ.App., 282 S.W.2d 422.

Appellants' motion for rehearing should be sustained and this court's original judgment of affirmance be set aside. The judgment of the trial court should be reversed and judgment rendered declaring the election proceedings void in that an application as required by statute to set in motion the election proceedings was not presented to the County Clerk of Carson County.