Walter J. BURGESS et al., Appellants,

v.

Ezelle FOX et al., Appellees.

No. 6662.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 7, 1957.

Rehearing Denied Feb. 11, 1957.

Sanders, Scott, Saunders & Smith, Amarillo, for appellants.

Lovell & Lyle, Dumas, Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellees.

PITTS, Chief Justice.

This is an appeal from a local option election contest filed by appellants, Walter J. Burgess, Richard E. Cook and Mrs. W. D. Bales, qualified voters of Moore County, Texas, against appellees, Ezelle Fox, County Judge of Moore County, Texas, and the four named County Commissioners of said county, each in their respective official capacities, seeking to have declared void a second local option election held in Moore County, Texas, to determine an issue that had allegedly been previously determined by an election duly and lawfully

held less than two months, and certainly less than a year, prior to the holding of the second election. The facts in the case at bar are not controverted and they reveal that in Moore County, Texas, all alcoholic beverages were being legally sold prior to June 9, 1956, when an election was duly and legally held at which the qualified electors cast their votes for or against "the legal sale of all alcoholic beverages," and as a result of the said election the county voted "dry" by a majority vote of 1773 to 1526. Proper orders were entered and notices given prohibiting the "legal sale of all alcoholic beverages" within the county and the legality of the election has not been challenged. However, thereafter on July 9, 1956, the Commissioners' Court of the said county by a majority vote of three to two ordered another election upon a petition presented to be held in the said county on August 3, 1956, to determine whether or not "the legal sale of all alcoholic beverages for off-premise consumption only" may be permitted. As a result of such election the proposal carried and such sales were authorized by a vote of 1807 to 1774. The County Commissioners' Court thereafter declared the result and entered its orders authorizing the sale of all alcoholic beverages within the said county for "off-premise consumption only."

As a result of such proceedings this suit was instituted and tried before the trial court without a jury, after which judgment was rendered and entered sustaining in effect the actions of the Commissioners' Court in calling the second election and in effect declaring the said election to be valid, from which judgment an appeal has been perfected. Appellants present several points of error charging in effect that the second election held was void because it was not authorized by law but in fact was prohibited by law. Appellees join issues with appellants on the charges made and such is the controlling question presented.

Local option elections and particularly the matters here presented are controlled by a portion of Article 666, Sections 1 to 56 of the Texas Penal Code as amended and more particularly by Section 2 of the said Article and by parts of Sections 32 and 40 of the said Article as amended. Section 32 of the said Article as amended provides for the calling of such elections but among other provisions states that:

"No subsequent election upon the same issue shall be held within one (1) year from the date of the last preceding local option election in any county, justice's precinct, or incorporated city or town."

Section 40 of the said Article as amended sets out the various issues that may be voted upon in elections called as provided for in Section 32 as amended. In areas where any type or classification of alcoholic beverages is prohibited and it is sought to legalize such the various issues are stated, among them being issues of (1) for or against "the legal sale of all alcoholic beverages" and (2) for or against "the legal sale of all alcoholic beverages for off-premise consumption only." The language of the two issues is identical except that the phrase of "for off-premise consumption only" is added in the second issue. The controlling question here presented is one of statutory construction to determine whether or not the issue as first stated is an all-inclusive issue which includes the second stated issue and thus precludes "the legal sale of all alcoholic beverages for off-premise consumption only" for at least one year after the qualified voters have at a previous election recently held voted to prohibit "the legal sale of all alcoholic beverages." Appellants contend that under such circumstances and under the provisions of the statutes the first stated issue does include the second stated issue and thus precludes the holding of another election within one year to determine the question of selling "all alcoholic beverages for off-premise consumption only," while appellees contend that the second stated issue is not included within the first stated issue in any event but that the second stated issue is a separate and independent issue within itself, in which event an election can be legal-

ly called and held at any time to determine whether or not "the legal sale of all alcoholic beverages for off-premise consumption only" may be permitted.

■ Because of these adverse views of the parties we are called upon to construe the provisions of the statutes involved. It is not within the province of the courts to change the law or to extend its provisions to an absurdity, but it is the duty of the courts to construe the language of the statutes when required and such may be done in the light of well-defined rules governing such, although no fully inflexible rule has been announced for the construction of statutes.

The Act providing for the holding of local option elections sets forth its purpose and urges a liberal construction to accomplish its purpose as shown in Section 2 of Article 666, Penal Code, in the following language:

> "This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and. safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose."

Such provisions and admonitions have been consistently followed by our courts as is shown in the following cases: Britten v. Williams, Tex.Civ.App., 293 S.W.2d 853; Bullington v. Lear, Tex.Civ.App., 230 S.W. 2d 290; Pollard v. Snodgrass, Tex.Civ.App., 203 S.W.2d 641; Leggett v. Cochran, Tex. Civ.App., 193 S.W.2d 729; Powell v. Bond, Tex.Civ.App., 150 S.W.2d 337; Flowers v. Shearer, Tex.Civ.App., 107 S.W.2d 1049.

■ The object or purpose in construing any statute is to ascertain from the language used in the statute the intention of the Legislature. White v. McGill, 131 Tex. 231, 114 S.W.2d 860. A statute must be given the interpretation which most nearly accomplishes the Legislature's intention from the words of the statute, looking to all of its terms. Barber v. Giles, 146 Tex. 401, 208 S. W.2d 553. A statute should be given a fair and sensible construction in order to carry out the purpose for which it was enacted and should not be construed in such a manner as to nullify or defeat its purpose. Brazos River Conservation and Reclamation Dist. v. Costello, 135 Tex. 307, 143 S.W.2d 577, 130 A.L.R. 1220. The dominant rule to be observed in construing a statute is to give effect to the intention of the Legislature, and in arriving at that intent and the purpose of the law, it is proper to consider the history of the subject matter involved, the end to be obtained, the mischief to be remedied, and the purpose to be accomplished. Magnolia Pet. Co. v. Walker, 125 Tex. 430, 83 S.W.2d 929. Statutes should not be given a construction that leads to uncertainty, injustice or confusion if it is possible to construe them otherwise. Wood v. State, 133 Tex. 110, 126 S.W.2d 4, 121 A. L.R. 931. The meaning of general words used in a statute may, if necessary, be expanded or made more narrow, or their meaning may be restricted and such words should be so limited in their application as not to lead to injustice or absurd consequences. Gulf Ins. Co. v. James, 143 Tex. 424, 185 S.W.2d 966.

■ The Legislative Act governing local option elections is remedial in nature and was passed "for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose." Under the provisions of the Act the qualified electors in any political subdivision are given the right by popular vote to determine their local option preferences as to which type of alcoholic beverages, if any, they will permit to be sold within the bounds of such political subdivision. After they have made a choice at an election held the Act further provides that there shall be at least one year of permanency before another election can be held to in any way change or modify the choice previously made. When we apply

the previously stated rules of statutory construction laid down by the Texas Supreme Court to that portion of the provisions of the Act here under consideration and when we consider together therewith the history of the local option laws, the end to be obtained by the Act, the mischief to be remedied by the Act and the purpose to be accomplished by the Act, as we feel required to do, we must reasonably conclude that the Legislature intended by the language used to authorize the qualified electors of any political subdivision to pass on the over-all question or all-inclusive issue of whether all alcoholic beverages of every kind should be legally sold within the bounds of such political subdivision at such places and during such hours as may be fixed by the law, or whether the legal sale of all alcoholic beverages of every kind, for any purpose, at any place within the bounds of the political subdivision, should be prohibited for at least one year. We think such was the object, purpose and intention of the Legislature when it authorized the qualified electors of any political subdivision to determine by popular vote the issue of for or against "the legal sale of all alcoholic beverages," and that when a majority of the qualified electors of Moore County, Texas, voted "against the legal sale of all alcoholic beverages," such was an ultimate mandate which meant that no alcoholic beverages of any kind should be sold for any purpose at any place within Moore County, Texas, and that such a mandate, under the provisions of another section of the Act, must prevail for a period of at least one year from the date of the first election held. In other words, the controlling issue was whether or not legal sales should be made. When all of such were prohibited, it meant no such should be made at any place for one year. Therefore when the qualified voters of Moore County, Texas, voted the county dry on June 6, 1956, it must remain dry for at least one year before any kind of a local option election can be legally held to determine the legal sale of any kind of alcoholics for any purpose.

For the reasons stated, it is our opinion that the Commissioners' Court of Moore County, Texas, did not have legal authority in any event to call the second election as it did, to determine the issue of for or against "the legal sale of all alcoholic beverages for off-premise consumption only" and the election held on August 3, 1956, to determine the issue presented was called and held contrary to the provisions of the law and was therefore null and void, thus leaving Moore County, Texas, wholly dry for at least one year after the date of the first election.

Appellees contend that the opinion handed down by the San Antonio Court of Civil Appeals of date August 17, 1938, in the case of Mitchell v. McCharen, County Judge, reported in 119 S.W.2d 676, supports their contentions here made and that such "is controlling in this appeal." In our opinion, appellees cannot avail themselves of any apparent pronouncements of the law as it then existed by the said Court of Civil Appeals because whatever the court may have there said was nullified by the Supreme Court when it thereafter granted a writ of error and reversed the judgment of the Court of Civil Appeals as well as that of the trial court and ordered the cause dismissed. Sup., 121 S.W.2d 1055. Because the judgment of the Court of Civil Appeals was reversed by the Supreme Court in that case and the cause ordered dismissed, it is our opinion that any pronouncement of the law there made by the Court of Civil Appeals is not of any value in any event.

Under the record here presented and the authorities cited, the judgment of the trial court is reversed and judgment is here rendered declaring the proceedings purporting to call the local option election in Moore, County, Texas, for August 3, 1956, the election itself, and the orders thereafter entered seeking to make it effective, null and void and of no force and effect. Reversed and rendered.

CHAPMAN, J., not participating.