**Thomas McGRAW, Appellant,**

v.

**John NEWBY et al., Appellees.**

**No. 7451.**

Court of Civil Appeals of Texas, Beaumont.

May 17, 1973.

————◆————

Clark, Thomas, Denius, Winters & Shapiro, Austin, Hugh Freeland, Beaumont, for appellant.

Joe H. Tonahill, Jasper, for appellees.

PER CURIAM.

On motion for rehearing, the original opinion is withdrawn and the following opinion is substituted.

This is an appeal from a judgment holding a local option election in the Town of Newton to be a valid election to prohibit the sale of all alcoholic beverages for off-premise consumption only. Trial was before the court and this appeal is submitted upon an agreed statement of facts.

According to the agreed statement of facts, on June 2, 1972, an election was held in Justice Precinct No. 3, Newton County, in which a majority of the voters voted for the legal sale of all alcoholic beverages for off-premise consumption only. No contest was made of the outcome of that election.

On September 11, 1972, the Commissioners Court of Newton County issued an order for the election here contested, calling the election for October 7, 1972, to decide the issues. The application for the petition to call this election, the petitions circulated and filed, and the court's order calling this election all contained the word "legal" in the affirmative as well as the negative issues and were in strict conformance with the wording of the statute.

Then on October 7, 1972, the election here contested was held in the incorporated

Town of Newton, a portion of which town is located within Precinct No. 3. The ballots used in this election read as follows:

"For the legal sale of all alcoholic beverages for off-premise consumption only.

"Against the sale of all alcoholic beverages for off-premise consumption only."

Voting for the proposition were 280 voters and against were 289.

It is contended here that such election was void because the word "legal" was missing from the second statement on the ballot. Art. 666, § 40, Vernon's Ann. Penal Code, provides the form for the issues to be submitted and the word "legal" appears in both the affirmative and negative issues. The question before us is: Was it fatal to omit the word "legal" from the negative side of the issue? We hold that it was. Smith v. Counts, 282 S.W.2d 422 (Tex.Civ.App., El Paso, 1955, no writ). The election was void.

The first sentence of Art. 666, § 35, ¶ (b), Penal Code, reads as follows:

"Notwithstanding any provision of the general election laws, the issue to be voted on shall be printed on the ballot in the *exact* language stated in Section 40 of this Act." (emphasis ours)

The original version of § 35, adopted in *1935*, permitted a ballot to be printed with "words appropriate to the election ordered." Acts 1935, 44th Leg., 2d C.S., Ch. 467 at 1821. In *1943*, the provision was first amended to authorize printing on the ballot "the issue or issues appropriate to the election order as provided in Section 40 of this Act." Acts 1943, 48th Leg., Ch. 325 at 517. In *1953*, authority to submit more than one issue was eliminated. Acts 1953, 53rd Leg., Ch. 249 at 643. In *1967*, the present version governing this case was adopted, making it mandatory to use "the exact language stated in Section 40 of this

Act." Acts 1967, 60th Leg., Ch. 723 at 1929.

In three instances in the 1967 revision the Legislature made certain that the precise language of the statute would be used in all of the local option proceedings. In § 32 of the amendment it was provided that in the petition for a local option election issued pursuant to an application therefor, "the issue shall be one of those set out in Section 40 of Article I of the Texas Liquor Control Act." In another paragraph, it provided that "[t]he petition so issued shall clearly state the issue to be voted upon in such election, which shall be the same issue as that set out in the application, and the issue shall be one of those set out in Section 40 of Article I of the Texas Liquor Control Act." Acts 1967, 60th Leg., Ch. 723, § 32 at 1927.

Thus, in three instances in the same Act, the Legislature has used the word "shall" in speaking of the language to be used on the ballot and, in our case, such command was not followed. As Justice Norvell observed in State Board of Insurance v. Betts, 158 Tex. 612, 315 S.W.2d 279, 281 (1958), "The Legislature used the word 'shall' which has a clear mandatory connotation."

Ours "is a case of statutory construction in which the plain meaning and requirement of the statute are obvious." Bay City Federal Savings and Loan Ass'n v. Lewis, 474 S.W.2d 459, 461 (Tex.1971). It is unnecessary to cite but a few of the decisions which hold that a clear and unambiguous statute must be enforced according to its wording. Railroad Commission of Texas v. Miller, 434 S.W.2d 670 (Tex. 1968); City of Port Arthur v. Tillman, 398 S.W.2d 750 (Tex.1965); Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99 (1961); and Texas Highway Com'n v. El Paso Bldg. & Const. Tr. Coun., 149 Tex. 457, 234 S.W.2d 857 (1950).

The Legislature provided that the language used in the election process must be in the *exact* language of the statute and, as Justice Steakley said in the *Miller* case, supra (434 S.W.2d at 672): "There is no basis for saying that [such language] did not express the true intent of the Legislature, or that the use of the term resulted from inadvertence, or mistake, or artless and unskillful draftsmanship." The Legislature did *not* say that there need be only a "substantial compliance" with the statute; it used unmistakably clear and mandatory language when it said that the issue on the ballot *shall be* "in the exact language" of the statute.

This court was cited five cases in support of the contention that the deviation was not fatal. They are: Britten v. Williams, 293 S.W.2d 853 (Tex.Civ.App., Amarillo, 1956, error ref. n. r. e.); Bullington v. Lear, 230 S.W.2d 290 (Tex.Civ. App., El Paso, 1950, no writ); Pollard v. Snodgrass, 203 S.W.2d 641 (Tex.Civ.App., Amarillo, 1947, error dism.); Powell v. Bond, 150 S.W.2d 337 (Tex.Civ.App., Waco, 1941, no writ); and Smith v. Breedlove, 399 S.W.2d 404 (Tex.Civ.App., Eastland, 1966, no writ). Each of these cases was decided before the Legislature enacted the amendment to § 35 of Art. 666, Penal Code, quoted above.

There being nothing ambiguous or uncertain about the literal meaning of the amendatory act, we follow the rationale of Justice Hamilton in Smith v. Counts, supra (282 S.W.2d at 424), "[a]lthough the result leads to invalidation of a local option election for reasons which in our view are highly technical."

The judgment of the trial court is reversed and judgment rendered declaring the election to be invalid and the order canvassing and declaring the results thereof is hereby set aside and held for naught.

Reversed and rendered.