**Robert A. SMITH et al., Appellants,**

v.

**Hon. William O. BREEDLOVE et al., Appellees.**

**No. 4026.**

Court of Civil Appeals of Texas.

Eastland.

Jan. 21, 1966.

Rehearing Denied Feb. 18, 1966.

was for the contestees and contestants have appealed.

Appellants' first two points are that the court erred in refusing to hold the petition for an election to legalize the sale of all alcoholic beverages for off-premise consumption in said Justice Precinct was void because it failed to set forth an area for which a local option election could be called under Article 666–32 of the Penal Code of Texas, and that the order of the Commissioners' Court of Brown County for such election was fatally defective for the same reason. We agree with appellants' contention that under our Constitution and Penal Code a local option election may be held only in a county, a justice precinct or an incorporated town or city, and that no other political subdivision or area may hold such an election. Article 666–32; Houchins v. Plainos, 130 Tex. 413, 110 S.W.2d 549, 551. Specifically, appellants contend that the petition and order for the election to determine whether the sale of all alcoholic beverages for off-premise consumption should be legalized was petitioned for and ordered held only in the portion of said precinct which was located in Brownwood. The petition for an election to legalize the sale of all alcoholic beverages contained the following:

"We, the undersigned qualified voters of JUSTICE OF THE PEACE PRECINCT NO. FOUR, BROWNWOOD, TEXAS—"

The certificate of the County Clerk of Brown County that he had checked the petition refers to it as a petition for a local option election to legalize the sale of all alcoholic beverages for off-premise consumption only "in Justice Precinct No. 4, Brownwood, Brown County, Texas." The order of the Commissioners' Court of Brown County approved the petition for a local option election to legalize the sale of all alcoholic beverages and ordered such an election held on January 9, 1965, "in Justice Precinct Number 4."

David L. Hooper, Abilene, for appellants.

Long, Aronson & Coleman, Tom Long, Austin, George A. Day, Brownwood, for appellees.

GRISSOM, Chief Justice.

Two local option elections were held in Justice of the Peace Precinct No. 4 of Brown County on January 9, 1965, at the courthouse in Brownwood. The Commissioners' Court declared the results to be that the sale of all alcoholic beverages and the sale of beer were legalized in said Precinct. Smith and others, qualified voters in said precinct, contested the election. Judgment

On December 14, 1964, the Commissioners' Court considered the petition filed with the Clerk requesting that an election be ordered "in Justice of the Peace Precinct No. Four, Brown County, Brownwood, Texas" and ordered such an election held "in Justice of the Peace Precinct No. Four, Brownwood, Texas" on January 9, 1965. It ordered such an election held at the "Court House, Brownwood, Texas", and in the area described as the "Justice of the Peace Precinct 4". It should here be noted that said Justice Precinct has but one voting box and that is in the court house at Brownwood. Notices of local option elections were addressed to the qualified voters of Voting Precinct 2, Justice of the Peace Precinct No. Four, Brownwood, Texas. It is undisputed that voting Precinct 2 and Justice of the Peace Precinct number four are identical. The order of the Commissioners' Court calling the elections showed they would be held in Justice of the Peace Precinct Four at the Court House in Brownwood, the location of the only voting box in said precinct. The notices of the election were addressed to the qualified voters of Justice of the Peace Precinct Number Four. The testimony shows that the voters in said precinct had notice of said elections in said Justice Precinct. It was shown that in Justice of the Peace Precinct Number 4, sixteen more persons voted in this local option election than voted in the last governor's election. In November, 1964, the number of voters, in Justice of the Peace Precinct Number Four voting for governor were 805. In this election 821 votes were cast. There is no evidence that any voter was misled or confused by the matters complained of or that any voter was deprived of his vote or did not vote but would have voted but for the irregularities alleged by appellants. There is no evidence that a different result would have been obtained had such irregularities not existed. Able and diligent counsel did not present any evidence that "such a number of legal voters were denied the privilege of voting, as had they been allowed to vote, might have materially changed the result" or that such irregularities existed as rendered "the true

result of the election impossible to be arrived at, or very doubtful of ascertaining", as is apparently required by Article 666–40a of the Texas Penal Code. Said points are overruled.

Appellants' third point is extremely technical and was waived.

■ Appellants' fourth point is that the ballot used in the elections on January 9th in Justice of the Peace Precinct Number 4 in Brown County was illegal and caused the elections to be void because it contained a submission of more than one issue to the voters, at such elections. The ballot did set forth two issues to be decided, that is, (1) whether or not the sale of all alcoholic beverages would be legalized and (2) whether or not the sale of beer would be prohibited. At about the same time one group, including appellants, circulated a petition to prohibit the sale of beer, which had been permitted in said area for several years, while an opposing group circulated a petition to legalize the sale of all alcoholic beverages. The Clerk of Brown County certified both petitions to the Brown County Commissioners' Court and on December 14, 1964, the Commissioners' Court of Brown County issued an order calling for a local option election to legalize the sale of all alcoholic beverages and an order calling for an election with reference to the sale of beer in said precinct. In other words, the voters of Justice of the Peace Precinct Number 4 voted at two local option elections and on two local option issues on the same day and they used the same piece of paper to vote at said two elections. Appellees contend that the ballot used was valid because two separate elections were held on the same day under two separate petitions and two separate orders and two separate notices of the elections were posted. Since two elections were held on the same day at the same place for the same voters a single piece of paper was used for the ballot. The elections and the matters to be voted upon were separated by lines but the issues were submitted on one piece of paper. Appellees

say that the question presented was not whether the Commissioners' Court erred by submitting two issues on one ballot in one election but whether the court properly submitted the issues in response to two separate petitions, two separate orders at two elections held on the same day in the same Precinct. We agree. Article 666–40, Texas Penal Code, after providing that the Commissioners' Court, upon petition, "shall" order local option elections for the purpose of determining whether certain alcoholic beverages shall or shall not be sold in the mentioned areas and states the issues to be submitted.

To clear up the confusion that resulted from an election in Palo Pinto County and perhaps, similar elections, the Legislature amended Article 666–32, 666–33, 666–35 and 666–40 to state that in any one election there shall be only one issue per ballot. Article 666–32 now provides "In any election ordered by the Commissioners Court the issue ordered to appear on the ballot shall be the same as that applied for and set out in the petition." Article 666–33 provides that the "order thus made shall state the issue to be voted upon in such election." Article 666–35 provides that "said ballot shall have also written or printed thereon the issue appropriate to the election order  *  *  *". The case of Fox v. Burgess, 157 Tex. 292, 302 S.W.2d 405, is cited by appellants to support their contention that the election was void because there was a submission of more than one issue on a single ballot. In the Fox case an election was held in a county where the sale of all types of alcoholic beverages were permitted and a majority voted against the sale of all alcoholic beverages. Within three months thereafter another election was held in the same area and the majority voted for the sale of all alcoholic beverages for off premise consumption. The first election was under Section (l) of Article 666–40. The second election was challenged on the ground that Article 666–32 provided that no subsequent election upon on the same issue should be held within one year. That was the issue before the Supreme Court. It held that the second election was valid because a different issue was submitted at that election. In the present case two issues were voted on at the same time in two separate elections. We think the statutes do not prohibit this action. There were not two issues submitted in one election. There were two elections held at the same time and two issues submitted. We find nothing in the law that prohibits this procedure.

The evidence does not disclose that any voter was deprived of his vote or that the will of the voters was defeated by any of the irregularities asserted. Each contesting group had equal rights before the Commissioners' Court. It could not choose between them. The court could not deny the petition of either group. It performed its statutory duty when it ordered two elections in response to two petitions. Each group asked the Commissioners' Court to call an election in response to its petition. It did that. There being no prohibition thereof, the Commissioners' Court in response to two petitions, called, by two separate orders, for two elections to be held at the same time and at the same place. We cannot see how the use of different ballots in each election could have been helpful or how such procedure would have avoided a possible conflict, because the voters could have voted one way on one ballot and another way on the second ballot. Under the situation disclosed, we think the Commissioners' Court did not violate any law but simply used an inexpensive method of holding the elections. Under the Fox case there can be but one election on one issue at a time. But, we find no prohibition of two separate elections on two separate issues at the same time using one ballot.

The judgment is affirmed.