

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

Modified by H-59

April 26, 1973

The Honorable Jim Sharon Bearden
County Attorney, Orange County
Orange County Courthouse
Orange, Texas 77630

Dear Mr. Bearden:

Opinion No. H- 34

Re:  Could a ballot for such
election be legally worded
for the legal sale of beer
and wine for on-premise and
off-premise together?

In your request for our opinion, you state that, prior to re-districting, Precinct 3 was a wet precinct for on and off-premise sale of beer and wine. In 1970, re-districting resulted in enlarging Precinct 3 by incorporating into it a formerly dry area.

An election has been requested for both on-premises and off-premises consumption of beer and wine in the entire precinct. You have asked:

"Could a ballot for such election be legally worded for the legal sale of beer and wine on-premise and off-premise together?"

We answer your question "Yes".

While it is possible, as you suggest, that two elections could be held at the same time on separate petitions and on separate issues, as was approved in Smith v. Breedlove, 399 S. W. 2d 404 (Tex. Civ. App., Eastland, 1966, no writ), nevertheless, it is our opinion that the safer course to follow would be to track the language of Article 666-40(b)(4), Vernon's Texas Penal Code, applicable to previously dry areas, and submit a ballot with the issue stated simply as:

"For the legal sale of beer and wine.

or

Against the legal sale of beer and wine. "

This would accomplish both on and off-premises legalization if the voters voted "For".

Your letter expresses concern as to the effect on the portions of the precinct where on-premises consumption of beer and wine now is permissible if the voters reject the proposition for sale of beer and wine. If they voted against the sale, it is our opinion that would render the entire precinct dry.

### SUMMARY

In a precinct in which the sale of beer and wine was previously authorized and additional dry territory is added by re-districting, the preferable manner in which to submit the question of the on and off-premise consumption of beer and wine is to ask a single question in accordance with Article 666-40(b)(4) rather than to hold separate elections at the same time for on-premise and off-premise consumption.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee