

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

May 23, 1990

Honorable John T. Montford
Chairman
State Affairs Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No. JM-1177

Re:  Constitutionality of sec-
tion 251.80  of the  Alcoholic
Beverage Code    (RQ-1929)

Dear Senator Montford:

You ask  about the  effect of  Alcoholic Beverage  Code
section 251.80, added by the 71st Legislature.[1]  You suggest
that the  section  conflicts  with  section  251.01  of  the
Alcoholic Beverage Code and with article XVI, section 20(b),
of the Texas Constitution.

The constitutional provision directs the legislature to
enact a  statutory  system  for local  option  elections  to
legalize or prohibit  the sale of  alcoholic beverages.  The
provision designates the  territories in  which these  elec-
tions may be conducted.

Article XVI, section 20(b) reads:

> The Legislature shall enact a law or  laws
> whereby the <u>qualified voters of any  county,
> justice's precinct  or incorporated  town  or
> city</u>,  may,  by  a  majority  vote  of  those
> voting, determine from  time to time  whether
> the sale of intoxicating liquors for beverage
> purposes shall  be  prohibited  or  legalized
> within the prescribed  limits; and such  laws
> shall contain  provisions for  voting on  the
> sale of intoxicating liquors of various types
> and  various  alcoholic  content.    (Emphasis
> added).

The statutes enacted  to effectuate  article XVI,  sec-
tion 20, are codified  in the chapter  251 of the  Alcoholic

---

1.   Acts 1989, 71st Leg., ch. 435, § 2, at 1582.

Beverage Code.  Section 251.01  provides for an election  on presentation of a proper petition "by the required number of voters of a county, or of a justice precinct or incorporated city or town."  Similarly, sections 251.72 and 251.73  refer to the retention of a particular local option status  within each of these named jurisdictions.  Section 251.72 refers to the constitutionally designated  territories as  "authorized voting units" and states that once a local option status  is adopted in such  a unit  it may only  be changed  by a  subsequent election in the same authorized unit.

The constitutional provision and the statutes have been consistently interpreted as limiting voting on local  option issues to the territorial  units specified in the  constitutional provision.  Smith v. Breedlove, 399 S.W.2d 404  (Tex. Civ. App. - Eastland 1966);  Patton v. Texas Liquor  Control Bd., 293 S.W.2d 99 (Tex. Civ. App. - Austin 1956, writ ref'd n.r.e.).

Your question  is prompted  by the  recent addition  of section 251.80 to the  Alcoholic Beverage Code.   Subsection (a) of that section reads as follows:

> (a)  Whenever a  local  option  status  is once legally put into effect as the result of the vote in a  justice precinct, such  status shall remain in  effect until  the status  is changed as the result of  a vote in the  same territory that  comprised the  precinct  when such  status  was  established.   If  the boundaries  of  the  justice  precinct  have changed since  such status  was  established, the commissioners court  shall,  for  purposes of  a  local  option  election,  define  the boundaries of the original precinct.  A local option  election  may  be  held  within  the territory defined by the commissioners  court as  constituting  such  original  precinct. (Emphasis added.)

The provision requires an election attempting to change the  local  option  status  of  a  justice  precinct  to  be conducted, not in the precinct as  it exists at the time  of the petition for  the election,  but in  the territory  that comprised the justice precinct when the local option  status was established. You  ask  whether  this  subsection  would thwart the constitutional mandate that the election occur in a justice precinct  by statutorily  redefining the  affected territory as a precinct which no longer exists.

The courts that have considered boundary changes or subdivision dissolutions in the local option context have interpreted the constitution as requiring that subsequent elections to change the local option status be held in the original territory.[2] In Houchins v. Plainos, 110 S.W.2d 549 (Tex. 1937), the Texas Supreme Court faced the question of the local option status of a dissolved city that had earlier voted as a city to prohibit the sale of intoxicating liquors within its territory. The court wrote:

> Of course, any such area has the right to become wet by so voting at an election legally ordered and held for that purpose under present local option statutes. In this connection, however, we again note that such election must be held in the same area that originally voted dry. . . . [W]hile it is true that the city of Houston Heights has long since ceased to exist as a municipal corporation, still it yet exists for the purpose of holding a local option election to vote on the question of making it lawful to sell intoxicating liquors within the area originally voted dry. (Emphasis added.)

Id. at 555.

The Houchins court was interpreting the 1935 amendments to the constitutional provision that appear in our present constitution. It affirmed the holding of Ex parte Fields, 86 S.W. 1022 (Tex. Crim. App. 1905), which had reached a similar result under an earlier version of this constitutional provision. The Fields court rejected the argument that a change in justice precinct boundaries affected the local option status of the original precinct, and repeated the rule of earlier cases that local option once adopted in a given territory remains the law of that territory "until [it is] repealed by the voters of the same territory which originally put it into operation." Id. at 1023. Conceding that the old justice precinct in which local option was adopted no longer existed as a precinct for judicial purposes, the court stated that it nonetheless continued to exist for local option purposes. Id.

------

2. For a thorough discussion of the effect of boundary changes on the local option status of voting units within Texas and other jurisdictions, see 25 A.L.R.2d Annotation: Local Option - Change of Boundaries at 863 - 878. See also the cases cited in Houchins, infra.

A recent case repeats the determination that a change in a justice precinct boundary has no effect on the local option status of the original area and that a subsequent local option election must be conducted in the territory as it existed before the boundary change. Coker v. The Texas Alcoholic Beverage Comm'n, 524 S.W.2d 570 (Tex. Civ. App. - Dallas 1975, writ ref'd n.r.e.).

We have found no cases that hold that an election to change the local option status of a justice precinct whose boundaries have been changed is to be held in the newly formed justice precinct. However, this office reached such a conclusion in Attorney General Opinion H-515 (1975). The opinion relied on the language of former article 666-32 of the Penal Auxiliary Laws (now codified as Alcoholic Beverage Code sections 251.72 and 251.73) to hold that a subsequent local option election in a precinct whose boundaries had been changed must be conducted in the territory of the newly formed precinct. We disagree.

In our opinion, Section 251.80 codifies the long-standing judicial interpretation that subsequent elections must be held in the territory as originally comprised. In the bill analysis for the committee substitute for House Bill 1712, which added section 251.80 to the Alcoholic Beverage Code, we find the following explanation for the amendment:

> The substitute also clarifies the underlying principle of local option elections, in that in order to reverse the status of a justice precinct, only the voters residing in the original territory should be entitled to vote on the change of status. (Emphasis added.)

Based upon the constitutional directive to the legislature to enact statutes regulating local option elections on the sale and prohibition of liquor in this state and the judicial decisions discussed above, we are of the opinion that the legislature did not contravene article XVI, section 20(b), when it enacted section 251.80 of the Alcoholic Beverage Code. Nor do we find any inconsistency between that section and other sections of the Alcoholic Beverage Code relating to the authorized voting units for such elections.

This opinion is necessarily limited to a discussion of the statute that the legislature has enacted. We believe the issue in question here to be whether the term "justice precinct" as used in article XVI, section 20, is broad enough to encompass the new statutory usage of that term in

section 251.80 of the Alcoholic Beverage Code. Relying on Fields and Houchins, supra, we conclude that it is.

We think it important to point out that this opinion does not consider whether any other statutory system that the legislature may adopt in the future would necessarily run afoul of the constitutional provision. So long as it operates within the constitutional mandate of article XVI, section 20, the legislature's authority to prescribe a statutory framework for local option elections is broad.

You also suggest that it will be administratively difficult for counties to conduct local option elections in the area that formerly comprised a justice precinct. This argument was rejected by the court in Coker, supra, at 579. The Coker court held that the commissioners court faced with the duty of determining the boundaries of a justice precinct as it existed almost a century before could "protect all interested persons by drawing a line approximating the original boundaries." The court reasoned that the commissioners court's "determination of the boundaries would not be exercised under its general power to fix precinct boundaries, but would be an administrative determination incidental to its power to order an election, and would control unless clearly erroneous or arbitrary." Id. Attorney General Opinion H-515 (1975) is overruled.

### S U M M A R Y

Section 251.80 of the Alcoholic Beverage Code does not violate the requirement of article XVI, section 20(b), of the Texas Constitution that local option liquor elections be held in certain authorized voting units. Section 251.80 of the Alcoholic Beverage Code is not inconsistent with other provisions of that code. Attorney General Opinion H-515 (1975) is overruled.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

**RENEA HICKS**
Special Assistant Attorney General

**RICK GILPIN**
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General