ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 24, 2010

The Honorable Hope Andrade
Secretary of State
Post Office Box 12060
Austin, Texas 78711-2060

Opinion No. GA-0783

Re: Whether a deposit is required for certain local
option liquor elections (RQ-0848-GA)

Dear Secretary Andrade:

You seek clarification of Election Code provisions on the payment of a deposit in connection
with certain local option liquor elections.[1] Election Code section 501.021, relating to a petition for
a local option election, provides as follows:

> On proper petition by the required number of voters of a
> county, justice precinct, or municipality in the county, the
> commissioners court shall order a local option election in the political
> subdivision to determine whether the sale of alcoholic beverages of
> one or more of the various types and alcoholic contents shall be
> prohibited or legalized in the political subdivision.

TEX. ELEC. CODE ANN. § 501.021 (Vernon 2010).[2]

You seek clarification of Election Code section 501.107, which governs payment of the
expenses of a local option election, and section 501.108, concerning the deposit that applicants may
be required to pay before the county clerk is authorized to issue a petition. Request Letter at 1.

Section 501.107 provides as follows:

> [t]he county shall pay the expense of holding a local option
> election authorized by this chapter in the county, justice precinct, or
> municipality in that county except that:

---

[1]Request Letter at 1, and Attached Letter from Ann McGeehan, Director of Elections, Office of Secretary of
State, to Craig T. Enoch, Winstead P.C. (Sept. 11, 2009) [hereinafter McGeehan Letter] (available at
http://www.texasattorneygeneral.gov).

[2]See TEX. CONST. art. XVI, § 20(b) (providing that "[t]he Legislature shall enact a law or laws whereby the
qualified voters of any county, justice's precinct or incorporated town or city, may, by a majority vote of those voting"
determine whether the sale of intoxicating liquors will be prohibited or legalized).

>      (1)  if an election is to be held only within the corporate limits of a municipality located wholly within the county, the county may require the municipality to reimburse the county for all or part of the expenses of holding the local option election;
>
>      (2)  county payment of the expense of an election to legalize the sale of alcoholic beverages is limited to the holding of one election in a political subdivision[3] during a one-year period; and
>
>      (3)  county payment of the expense of an election to prohibit the sale of alcoholic beverages is limited to the holding of one election in a political subdivision during a one-year period.

TEX. ELEC. CODE ANN. § 501.107 (Vernon 2010) (footnote added).

Section 501.108 provides that "[i]f a county is not required to pay the expense of a local option election under Section 501.107, the county clerk shall require the applicants for a petition for a local option election to make a deposit before the issuance of the petition." *Id.* § 501.108(a). The non-refundable deposit, calculated in accordance with subsection (b), "shall be deposited in the county's general fund." *Id.* § 501.108(b)–(c). *See also id.* § 501.108(c) (stating that "[a] refund may not be made to the applicants regardless of whether the petition is returned to the county clerk or the election is ordered"). If a deposit is required, subsection 501.108(d) prohibits the county clerk from issuing the petition without the deposit, and a violation of subsection (d) is a misdemeanor punishable by a fine, confinement in the county jail for not more than 30 days, or both. *Id.* § 501.108(d)–(e).

You ask whether section 501.108 requires the petition applicants to pay a deposit when seeking a petition for a local option election to be held only within the corporate boundaries of a municipality located wholly in the county, if no such election has been held in that municipality for a year. Request Letter at 1. You are specifically concerned about the following language of section 501.107(1): "the county may require the municipality *to reimburse the county for all or part of the expenses* of holding the local option election," if the "election is to be held only within the corporate limits of a municipality located wholly within the county."[4] TEX. ELEC. CODE ANN. § 501.107(1) (Vernon 2010) (emphasis added). Thus, we must determine whether the county is or "is not required

---

[3]"[A] local option election may be held only in a county, a justice precinct or an incorporated town or city, and . . . no other political subdivision or area may hold such an election." *Smith v. Breedlove*, 399 S.W.2d 404, 405 (Tex. Civ. App.—Eastland 1966, no writ); *see Patton v. Tex. Liquor Control Bd.*, 293 S.W.2d 99, 101 (Tex. Civ. App.—Austin 1956, writ ref'd n.r.e.).

[4]The McGeehan letter attached to the request letter describes competing readings of sections 501.107 and 501.108. Request Letter at 1, McGeehan Letter at 1–2. The letter suggests that the county does not have to pay for elections in a city wholly within a county because it can seek reimbursement from the city, but it also observes that the word "reimburse" in section 501.107(1) indicates that the county must initially pay the costs of the election and may later decide to seek repayment. *See* McGeehan Letter at 1–2.

to pay the expense of a local option election," under the circumstance where it may seek reimbursement from a city pursuant to section 501.107(1). *Id.* § 501.108(a).

In addressing your question, we read the language of section 501.107(1) in context and construe its terms according to the rules of grammar and common usage. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). "Reimburse" is not defined by chapter 501 of the Election Code or by a judicial decision. Texas courts rely on dictionaries to determine the meaning of terms not defined by statute. *See Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 196 n.19 (Tex. 2004); *Bd. of Ins. Comm'rs v. Duncan*, 174 S.W.2d 326, 328 (Tex. Civ. App.—Amarillo 1943, writ ref'd). "Reimburse" has been defined as "[t]o pay back or compensate (another party) for money spent or losses incurred." THE AMERICAN HERITAGE COLLEGE DICTIONARY 1172 (4th ed. 2002); *see also* THE NEW OXFORD AMERICAN DICTIONARY 1436 (2001) (defining reimburse as to "repay (a person who has spent or lost money); . . . repay (a sum of money that has been spent or lost)); XIII OXFORD ENGLISH DICTIONARY 534 (2d ed. 1989) (defining "reimburse" as "[t]o repay or make up to one (a sum expended)"). The use of the term "reimburse" in section 501.107(1) indicates that while the county must initially spend county money for the city local option liquor election it may, pursuant to section 501.107(1), obtain from the city repayment for all or part of the expenses of holding the election. *See* TEX. ELEC. CODE ANN. § 501.107(1) (Vernon 2010). Section 501.107(1) authorizes but does not compel the county to require reimbursement from the municipality. *See* TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 2005) (stating that "'[m]ay' creates discretionary authority or grants permission or a power"). The county in its discretion may require full reimbursement, partial reimbursement, or no reimbursement. Thus, section 501.107 requires the county to pay the expense of a local option election to legalize and a local option election to prohibit the sale of alcoholic beverages in a political subdivision if there has been no such election in that political subdivision within a year. *See* Tex. Att'y Gen. Op. Nos. H-145 (1973) at 3, M-724 (1970) at 3–4 (construing predecessor of section 501.107). Accordingly, section 501.107 requires the county to initially "pay the expense of holding a local option election" in a municipality located wholly within the county, if no such election has been held in that municipality for a year. TEX. ELEC. CODE ANN. § 501.107 (Vernon 2010).

We find additional support for our conclusion in section 501.109 of the Election Code. In contrast to section 501.107(1), section 501.109 explicitly places the cost of the election on the city. *See id.* § 501.109; *see also Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) (determining that the attorney fee provision in the declaratory judgment act[5] is permissive by contrasting its language with the language of other statutes on the award of attorney fees), *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 320 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing the discussion of contrasting statutes in *Bocquet v. Herring*). Section 501.109 applies only to a local option election in a municipality that is located in more than one county. *See* TEX. ELEC. CODE ANN. § 501.109(a) (Vernon 2010). It provides that the municipality shall conduct the election instead of the county and "[t]he municipality shall pay the expense of the election." *Id.* § 501.109(c). In section 501.107(1),

---

[5]*See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 37 (Vernon 2008) (Declaratory Judgement Act); *id.* § 37.009 (authorizing attorney fees).

the Legislature chose to place on the county the initial responsibility for paying the election costs in a city located wholly within the county. *See id.* § 501.107(1).

Accordingly, the county must initially pay the expense of holding a local option election in a municipality located wholly within the county, if no such election has been held in that municipality for a year. Under these circumstances, the county is "required to pay the expense of a local option election under Section 501.107," and the applicants for a petition are not required to pay a deposit pursuant to section 501.108(a), nor is the clerk required to collect a deposit. *Id.* § 501.108.

## S U M M A R Y

The county in which a local option election is held is required to pay the expense of the first election during a one-year period to legalize the sale of alcoholic beverages and the first election in a one-year period to prohibit the sale of alcoholic beverages in a municipality wholly within the county, but it may require reimbursement in whole or part from the municipality for the election expenses. In these circumstances, where the county is required to pay the expense of a local option election in a municipality wholly within the county subject to reimbursement, the county clerk is not required to collect a deposit from the persons applying for a petition to call the local option election.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee